Appellant, Kitty Ball, filed suit against appellees, William and Rebecca Vogtner, to establish a judgment lien on certain real property in Mobile County. The Vogtners filed an answer and a third party claim against cross-appellant Mississippi Valley Title Insurance Company (hereinafter referred to as Mississippi Valley). The Vogtners denied the validity of the judgment lien and raised the defense that they were good faith purchasers for value without notice of appellant's judgment, and the judgment recorded in the probate court was outside their chain of title. The third party claim averred that the Vogtners had purchased a title insurance policy from Mississippi Valley and, if they were liable to appellant, then Mississippi Valley was liable to them. Mississippi Valley filed an answer denying liability based upon a policy exclusion, and the Vogtners filed an amended third party complaint alleging timely notice of the claim and asserting an additional claim for failure to defend.
The appellant then, with leave of court, amended the complaint to join as parties defendant in the original action Cooper Realty Company, Martin Ramon and Barbara Jolene Carrera, and Mississippi Valley alleging against such defendants, and the Vogtners, a count for fraud and conspiracy. The trial court dismissed with prejudice the *Page 896 
count for fraud as to all parties, but allowed appellant to amend the original action against the Vogtners as a suit to impress a lien against the property.
The case was tried on the issues of the superiority of the judgment lien and the title company's duty to defend. The court entered its final decree holding that the Vogtners had neither actual nor constructive knowledge of the judgment against Mary Morgan; therefore, the judgment did not constitute a lien against the property. Furthermore, the trial court determined that Mississippi Valley had a duty to defend and awarded the Vogtners $1800 for attorney fees. After denial of her motion for new trial, appellant filed this appeal. Cross-appellant Mississippi Valley appeals that portion of the trial court's order awarding the Vogtners attorney fees which was based on the trial court's finding that Mississippi Valley had the duty to defend the action of appellant.
Appellant filed suit for damages for assault and battery on May 20, 1971 in the Circuit Court of Mobile County against Mary Morgan. Appellant recovered a judgment against Mary Morgan and recorded the judgment on May 17, 1972. During the interim between the filing of suit and judgment, Mary Morgan married B.B. Collins and subsequently acquired the property in question. Although appellant and her attorney knew of the marriage at the time of entry of judgment, the judgment was entered against Mary Morgan, not Mary Collins.
On December 15, 1971, the property in question consisting of a house and lot was conveyed to Mary C. Collins as grantee by Leon Gavin and Margaret Susan Young Helton, grantors. Mary Collins conveyed the property to Martin and Barbara Carrera on October 10, 1973 by a deed reciting a valuable consideration including the assumption of an existing mortgage. However, Mary Collins remained in possession of the house and lot and made the installment payments on the mortgage in lieu of rent to the Carreras. Both deeds were recorded.
Subsequently, the Vogtners became interested in the property and contacted Cooper Realty Company which had the listing. A representative of the company took them to the house where Mrs. Collins showed them around. Mrs. Collins had placed the house with Cooper Realty. Believing Mrs. Collins to be the owner, the Vogtners submitted a written offer through the realtor naming Mrs. Collins as owner. This offer was rejected. However, a subsequent offer was accepted but was signed by the Carreras as owners. Upon the Vogtners' inquiry concerning the signature of the Carreras, the agent of the realty company replied that there were some marital problems and they didn't want the house mixed up in the divorce.
Later, Mrs. Collins contacted the Vogtners in an effort to rescind the transaction, so the Vogtners retained counsel, Mr. Walter Lee, to represent them in the purchase of the home. Mr. Lee came to the conclusion that the Carreras were "straw people," and Mrs. Collins was the real owner of the property. Accordingly, he required a letter of attornment from Mrs. Collins and that the Vogtners' check at closing be endorsed by the Carreras over to Mrs. Collins.
Attorney Lee, before commencement of his representation of the Vogtners, learned through social contacts with appellant that she might have a judgment against Mary Collins whom he knew at that time only as "Mary." At the closing, he told the representative of Mississippi Valley, Mrs. Flinn, that there might be a judgment against Mary Collins, but he never communicated such to the Vogtners. Mrs. Flinn quickly checked the company's in-house records and found no judgment against Mrs. Collins, and the transaction was closed.
Appellant first contends that the trial court improperly dismissed the fraud count against all defendants. To constitute fraud, there must be some misrepresentation of a material fact to a party who relies upon such misrepresentation to his detriment. See Ala. Code §§ 6-5-100 to 104 (1975); Ellis v.Zuck, 409 F. Supp. 1151 *Page 897 
(N.D.Ala. 1976), aff'd, 546 F.2d 643 (5th Cir. 1977); Rudman v.Hooks, 252 Ala. 280, 40 So.2d 866 (1949). "It is fundamental to an action for fraud that the representee must have been deceived by and relied upon the representation as an inducement to his action or non-action." Old Southern Life Insurance Co.v. McConnell, 52 Ala. App. 589, 595, 296 So.2d 183, 187 (1974). However, nowhere does appellant allege that any representations were made to her by any of the parties. Nor does she allege that she relied upon any representations of the parties. Although section 6-5-102 states that suppression of a material fact which a party is under an obligation to communicate constitutes fraud, appellant does not make any allegations which would give rise to such an obligation. Nothing appellant has pleaded supports an allegation of fraud; therefore, the fraud count was properly dismissed for failure to state a claim upon which relief can be granted.
Appellant next contends that the property should be subject to the judgment lien since the Vogtners had actual or constructive notice of the lien.
For a judgment to create a lien on the property of the defendant, a certificate must be filed in the office of the judge of probate of the county in which the property is situated which shows: (1) the style of the court which entered the judgment, (2) the amount and date thereof, (3) the amount of costs, (4) the names of the parties thereto, (5) the name of the plaintiff's attorney, and (6) the address of each defendant or respondent, as shown in the court proceedings. Ala. Code §§6-9-210 to 211 (1975). To create a lien, the statutory requirements as to the contents of the certificate must be strictly observed. See, e.g., Duncan v. Autauga Banking TrustCo., 223 Ala. 434, 136 So. 733 (1931).
Appellant properly filed a certificate; however, she listed the judgment debtor as Mary Morgan instead of Mary Collins. The certificate, as filed, does establish a valid lien between appellant and Mary Collins, but not as to the Vogtners since the name shown in the certificate is insufficient to impart constructive notice to third parties.
 As between the judgment creditor and judgment debtor a judgment may afford a valid lien despite inaccuracies or omissions in the docket or index in respect of the names or descriptions of the parties. In order to make the lien of a judgment effective as against third persons, however, it is ordinarily necessary that the docket and index should disclose the names of both parties, plaintiff as well as defendant, and designate them with such a degree of accuracy as to charge persons searching such records with notice of the judgments or to put them on inquiry.
49 C.J.S. Judgments § 465, at 899 (1947).
Mary Collins both acquired and conveyed title to the property in her name as such. Nowhere in the Vogtners chain of title does the name Mary Morgan appear. The Vogtners possessed no facts sufficient to put them on inquiry or to enable them to discover the existence of the judgment lien against Mary Morgan. An instrument executed by a married woman in her name prior to marriage without mention of her married name imparts no notice. Huff v. Sweetser, 8 Cal.App. 689, 97 P. 705 (1908); 8 G. Thompson, Commentaries on the Modern Law of Real Property § 4300, at 275 (1963). In the absence of actual knowledge, the purchaser is charged with notice of that which appears on the face of all the instruments by which he takes title, but is not bound to inquire into collateral circumstances. See FirstNational Bank v. Culberson, 342 So.2d 347 (Ala. 1977); Dewyerv. Dover, 222 Ala. 543, 133 So. 581 (1931); Wittmeir v.Leonard, 219 Ala. 314, 122 So. 330 (1929). A reasonable search of the records in the instant case would have revealed nothing of the judgment lien since the parties would be searching under the name Mary Collins, not Mary Morgan.
The Vogtners had no actual notice of the judgment lien. Their attorney did not inform them of the possibility of a judgment against Mrs. Collins. To impart constructive notice to the Vogtners, the certificate would have to be in their chain of title. See Union Oil Co. v. Colglazier, 360 So.2d 965 (Ala. 1978). Since it was not, the *Page 898 
only way for the Vogtners to have any knowledge of the judgment is if the knowledge of their attorney, Mr. Lee, is imputed to them.
Our cases hold that for knowledge of the attorney to be imputed to the client, the knowledge must have come to the attorney while engaged in a service for his client after the attorney-client relationship began. See, e.g., Cooper SonsMotor Co. v. Klepsig, 223 Ala. 2, 135 So. 430 (1930); Wigginsv. Stewart Bros., 215 Ala. 9, 109 So. 101 (1926); Marshall v.Lister, 195 Ala. 591, 71 So. 411 (1916). "Information to an agent is not notice to the principal when given to the agent upon a casual conversation at a time when he is not engaged in business for his principal and no act or transaction of the agency is then pending." Sullivan v. Alabama Power Co.,246 Ala. 262, 270, 20 So.2d 224, 230 (1944). Mr. Lee acquired his knowledge of the possibility of a judgment during a "casual conversation" with social acquaintances approximately two years before his representation of the Vogtners; therefore, any knowledge he may have possessed is not imputed to the Vogtners. Since the Vogtners had neither actual nor constructive notice of the judgment lien, they acquired the property free of the lien.
Cross-appellant Mississippi Valley contends that it had no duty to defend the action against the Vogtners since a policy exclusion exempts the judgment lien from coverage. Therefore, awarding the Vogtners attorney fees was improper.
The policy provided that "[t]he company, at its own cost and without undue delay, shall provide for the defense of the insured in all litigations . . . founded upon defect, lien or encumbrance insured against by this policy." The policy expressly excluded from coverage: "[D]efects, liens, encumbrances, adverse claims against the title as insured or other matters . . . known to the Insured either at the date of this policy or at the date such Insured acquired an estate or interest insured by this policy and not shown by the public records, unless disclosure thereof in writing by the Insured shall have been made to the company prior to the date of the policy . . ." Public records are defined in the policy as "those records which impart constructive notice of matters relating to said land."
The certificate in this case did not impart constructive notice of the lien because it contained the judgment debtor's maiden name only, and accordingly, was outside the Vogtners chain of title. The name Mary Morgan was insufficient to alert anyone interested in the property as to the existence of the lien. Therefore, the lien was not "shown by public records" and would be excluded from coverage if the Vogtners had knowledge of it and failed to notify the company in writing. However, since the Vogtners had no knowledge, either actual or constructive, of the judgment lien, the lien was not within those defects excluded by the policy and Mississippi Valley was obligated to defend.
For the abovementioned reasons, the order of the trial court is due to be affirmed.
AFFIRMED.
MADDOX, JONES, SHORES and BEATTY, JJ., concur.