The Bank of Anniston (hereinafter "B of A") appeals from a summary judgment granted by the Circuit Court of Cherokee County in favor of Farmers Merchants State Bank (hereinafter "F M"). B of A argues that the trial court erred in declaring that a certificate of judgment recorded in the probate office of Cherokee County was valid and constituted a lien on the property of Farley and Enid Winson. We affirm the judgment of the circuit court.
The facts reveal that F M obtained a default judgment on May 28, 1979, in the Circuit Court of Calhoun County against Farley and Enid Winson in the amount of $31,579.68 and against Farley Winson in the amount of $21,315.60. The clerk of the Circuit Court of Calhoun County prepared a certificate of judgment, which was recorded August 2, 1979, in the probate office of Cherokee County, the same day that Eric Owen Winson and Enid Verena Winson deeded their fee simple interest in two tracts of land, located in Cherokee County, to Stanley Booker. The certificate of judgment noted that Farley Winson and Eric Owen Winson are the same person.
Booker recorded the deed on August 7, 1979, and conveyed a portion of the land to John S. Casey. Casey later conveyed his interest to B of A in lieu of foreclosure and B of A subsequently foreclosed on a loan secured by a mortgage on the remainder of the property held by Booker. B of A then conveyed portions of the property to various third parties, notwithstanding the certificate of judgment in favor of F M.
B of A brought this action in January 1985, to contest the validity of F M's lien on the Winson property. B of A alleged that F M's lien was invalid because the certificate of judgment failed to comply with the requirements of Ala. Code 1975, § 6-9-210. Counsel for B of A orally notified the court and opposing counsel that the only issue being contested was the omission from the certificate of judgment of the address of the judgment debtor. B of A filed no brief, memorandum, or affidavits, but cited the case of Ball v. Vogtner,362 So.2d 894 (Ala. 1978), to the trial court. F M questioned what issue would be tried because, F M argued, Ball dealt with more than the omission of the judgment debtor's address. The trial judge then wrote to counsel for both parties, stated the issue as understood by the court, and asked for confirmation or corrections from B of A and F M. F M confirmed the judge's statement of the issue as being correct; B of A apparently did not respond. The trial court stated the issue in the case to be:
 Whether the Judgment Certificate in favor of the Farmers Merchants State Bank against Farley Winson and Enid Winson of May 28, 1979 (certified July 31, 1979) in the Circuit Court of Calhoun County, Alabama, complies with the provisions of [Section] 6-9-210, Code of Alabama (1975), requiring that such certificate ". . . show the address of each defendant . . . as shown in the court proceeding."
B of A argues in this appeal that the certificate of judgment issued to F M is defective and could not constitute a lien on the Winsons' property because it fails to sufficiently state (1) the name of the judgment holder, F M; (2) the names of the defendants, the Winsons; and (3) the Winsons' address. Although B of A's complaint generally alleged that the certificate of judgment did not comply with § 6-9-210, the only issue briefed or argued before the trial court was the sufficiency of the Winsons' address as stated on the certificate of judgment.
We have held previously that "in determining the propriety of summary judgment, . . . we are limited in our review to *Page 929 
the same factors considered by the trial court when it initially ruled on the motion." Prudential Insurance Co. v.Coleman, 428 So.2d 593 at 598 (Ala. 1983). B of A had ample opportunity to argue the insufficiency of the Winsons' name and F M's name as they appeared on the certificate of judgment, but did not do so. B of A apparently accepted the trial judge's statement of the issue in the case, i.e., whether the address shown on the certificate of judgment for each defendant complied with § 6-9-210, and argued no other issue. The only issue before us on appeal, therefore, is the issue raised and argued at trial.
Section 6-9-210 provides:
 The owner of any judgment entered in any court of this state or of the United States held in this state may file in the office of the judge of probate of any county of this state a certificate of the clerk or register of the court by which the judgment was entered, which certificate shall show the style of the court which entered the judgment, the amount and date thereof, the amount of costs, the names of all parties thereto and the name of the plaintiff's attorney and shall be registered by the judge of probate in a book to be kept by him for that purpose, which said register shall also show the date of the filing of the judgment. Said judge shall make a proper index to said book, which shall also show under the proper letter or letters of the alphabet the names of each and every defendant to said judgment, and such judgments shall be recorded in chronological order of the filing of such judgments. Such certificate shall also show the address of each defendant or respondent, as shown in the court proceedings.
The certificate of judgment prepared by the clerk of the Calhoun County Circuit Court showed the addresses of the Winsons as "(Texas Florida addresses) (also Anniston)." The trial court found that the certificate complied with § 6-9-210.
B of A argues that the certificate of judgment did not create a lien against the Winsons' property because it failed to show their addresses as revealed in the trial court proceedings. The appellant cites Miles v. Gay, 280 Ala. 131, 190 So.2d 686
(1966), for the proposition that § 6-9-210 "is in derogation of the common law and is to be strictly construed." Both parties cite Ball v. Vogtner, 362 So.2d 894 (Ala. 1978); B of A argues that Ball supports its contention that § 6-9-210 must be strictly observed in order to create a lien, and F M argues that Ball is distinguishable from the present case. In Ball, we held:
 For a judgment to create a lien on the property of the defendant, a certificate must be filed in the office of the judge of probate of the county in which the property is situated which shows: (1) the style of the court which entered the judgment, (2) the amount and date thereof, (3) the amount of costs, (4) the names of the parties thereto, (5) the name of the plaintiff's attorney, and (6) the address of each defendant or respondent, as shown in the court proceedings. Ala. Code §§ 6-9-210 to -211 (1975). To create a lien, the statutory requirements as to the contents of the certificate must be strictly observed. See, e.g., Duncan v. Autauga Banking Trust Co., 223 Ala. 434, 136 So. 733 (1931).
362 So.2d at 897. We note, however, that the statutory requirement that the contents of the certificate of judgment be strictly observed must be viewed in relation to the purpose of that requirement. That purpose is to provide notice of the judgment to anyone searching title to the real property. InBall, the judgment debtor was incorrectly named as Mary Morgan instead of as Mary Collins; therefore, a third party could not have discovered the judgment lien in the chain of title and would not have had notice of an encumbrance on the title. Here, however, the certificate of judgment was within the chain of title and would have given notice to anyone searching title to the property. B of A argues that the omission of the Winsons' specific addresses from the certificate of judgment was, in itself, a fatal defect, but does not claim that the omitted addresses impaired their discovery of the certificate. The focus of our holding in Ball was the sufficiency of the certificate of judgment to impart notice *Page 930 
of the judgment lien to subsequent title searchers, not a rigid adherence to form.
In the present case, the clerk of the Calhoun County Circuit Court stated in his affidavit that the Winsons had seven addresses and that there was not adequate space on the certificate to list them all. He testified that the addresses included:
1. Box 1158, Denton, Texas 76201
2. P.O. Drawer H, Krum, Texas
3. General Delivery, Sanibel Island, Fla.
4. Blind Pass Cottages, Sanibel Island, Fla.
5. Castaway Cottages, Sanibel Island, Fla.
6. 6444 Sanibel Captive Road, Sanibel Island, Fla.
7. 55 Sunset Drive, Anniston, Ala.
He testified further:
 I was also aware, from an examination of the file, that service had been obtained, after numerous attempts at all the above places, at three of the above listed addresses, to-wit, General Delivery, Blind Pass Cottages and Castaway Cottages, Sanibel Island, Fla.
 It was my belief that a record examiner might possibly be misled if I listed only one or two of the several addresses in the court file. As a result I decided the best course of action would be to notify a reader of the certificate that there were several addresses in the file for the Defendants, and that resort should be had to the court file for the specifics. Moreover, the space on the form was also limited and would not accommodate all the addresses. I believe that this course of action was proper and correct compliance with the requirements of the statute under the circumstances of this case.
 The obvious purpose behind the requirement for an address is to help facilitate an identification of the Defendant. In most cases, a given Defendant would have only one specified address. But in this case, efforts at service had been made at several different locations. All of these locations, or none of them, may have been the Defendants' "address," but they each represented addresses "as shown in the court proceedings." They were each therefore referred to in my certificate by referring the certificate examiner to the court file.
The notation on the certificate of judgment, "(Texas Florida addresses) (also Anniston)," was found by the trial court to comply with the address requirement of § 6-9-210. Any diligent search of the title to the property in question would have revealed the certificate of judgment. There is no evidence before us to suggest that the Winsons' addresses, as stated on the certificate, misled anyone or failed to give notice of the prior judgment in favor of F M. The clerk's notation on the certificate of judgment, in this instance, provided notice that a title searcher should consult the court record for further information. We cannot say that the trial court erred in finding that the certificate of judgment complied with the requirements of § 6-9-210. To hold otherwise would be a triumph of form over substance.
The judgment of the Circuit Court of Cherokee County is, therefore, affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.