George M. Bowman and Velma Bowman appeal from a summary judgment in favor of SouthTrust Bank of Mobile ("South-Trust"). We reverse and remand.
The sole issue presented for review in this case is whether a certified copy of a judgment entered in the Bowmans' favor against Dr. George J. Mitchell in the United States Bankruptcy Court for the Southern District of Alabama, recorded in the probate office of Mobile County, satisfied the requirements of Ala. Code 1975, § 6-9-210 and, therefore, constituted a lien on Dr. Mitchell's property under Ala. Code 1975, § 6-9-211.
The certified copy of the Bowmans' judgment reads, in pertinent part, as follows:
"United States Bankruptcy Court
"For the Southern District of Alabama
 "I, GERALDINE S. LESTER, Clerk of Bankruptcy Court in and for said District, do hereby certify that the attached copy of an order concerning the parties of George J. Mitchell M.D., and Barbara Villas Mitchell, Debtors, and George M. Bowman and Velma Bowman, Plaintiffs in the case of George J. Mitchell M.D., Barbara Villas Mitchell, debtor, No. 8600886 ADV. NO. 86-00279 has been compared with the original thereof and that it is a complete and correct copy of such original as it appears of record and on file in my office.
 "In testimony whereof I have hereunto set my hand at Mobile, Alabama in said District, this 3rd day of March, 1988.
"/s/ Geraldine Lester
"Clerk of Bankruptcy Court
"/s/ Douglas A. Timmons
"Deputy Clerk
"[Seal of the U.S. Bankruptcy Court]
"Date of issuance: March 3, 1988
 _________________________________________________ ___________________
"United States Bankruptcy Court
"For the Southern District of Alabama
"In Re:
George J. Mitchell, M.D.
Barbara Villas Mitchell,
a/k/a Mrs. George J. Mitchell
Debtors.
George M. Bowman and
Velma Bowman
Plaintiffs,
v.
George J. Mitchell
Defendant.
Case No. 86-00886.
Adv. No. 86-00279.
"ORDER
 "At Mobile in said District on the 21st day of December, 1987, before Arthur B. Briskman, Bankruptcy Judge:
 "This matter came on for trial on the Complaint to Determine Dischargeability filed by the Plaintiffs, George M. Bowman and Velma B. Bowman. Appearing *Page 986 
were George W. Finkbohner, Jr., and George W. Finkbohner, III, attorneys for the Plaintiff, and Herman Padgett, attorney for the Debtor. Testimony was taken, exhibits admitted, and findings of fact and conclusions of law were subsequently submitted. The Court has duly deliberated thereon and now finds, concludes and orders as follows:
 [The Court then set out certain findings of fact and conclusions of law.]
"ORDER
 "ORDERED, ADJUDGED and DECREED that the Plaintiffs' Complaint to Determine Dischargeability be, and hereby is GRANTED; and it is further
 "ORDERED, ADJUDGED and DECREED that the Debt owed by the Debtor to the Plaintiffs in the principal amount of $50,000.00 plus interest of $12,250.00 be, and hereby is NONDISCHARGEABLE; and it is further
 "ORDERED, ADJUDGED and DECREED that Judgment in favor of the Plaintiffs in the amount of $62,250.00 plus court costs and attorneys fees be, and hereby is GRANTED.
"DATED this 23rd day of February, 1988.
"/s/ Arthur Briskman
"ARTHUR B. BRISKMAN
"UNITED STATES BANKRUPTCY JUDGE"
Section 6-9-210 provides:
 "The owner of any judgment entered in any court of this state or of the United States held in this state may file in the office of the judge of probate of any county of this state a certificate of the clerk or register of the court by which the judgment was entered, which certificate shall show the style of the court which entered the judgment, the amount and date thereof, the amount of costs, the names of all parties thereto and the name of the plaintiff's attorney and [that certificate] shall be registered by the judge of probate in a book to be kept by him for that purpose, which said register shall also show the date of the filing of the judgment. Said judge shall make a proper index to said book, which shall also show under the proper letter or letters of the alphabet the names of each and every defendant to said judgment, and such judgments shall be recorded in chronological order of the filing of such judgments. Such certificate shall also show the address of each defendant or respondent, as shown in the court proceedings."
Relying on this Court's decision in Bank of Anniston v.Farmers Merchants State Bank, 507 So.2d 927 (Ala. 1987), the Bowmans argue that the certified copy of their judgment recorded in the probate office was sufficient to provide notice to anyone searching the title to Dr. Mitchell's real property that a judgment had been entered against him in the amount of $62,250 and, therefore, that it was sufficient to constitute a lien for that amount.
SouthTrust, citing Morris v. Waldrop, 213 Ala. 435,105 So. 172 (1925), and Miles v. Gay, 280 Ala. 131, 190 So.2d 686
(1965), contends that the requirements of § 6-9-210 must be strictly observed. It argues that the certified copy of the Bowmans' judgment is defective and could not constitute a lien on Dr. Mitchell's property because 1) it is not a "certificate of judgment"; 2) it fails to state the amount of court costs assessed against Dr. Mitchell; 3) it fails to state Dr. Mitchell's address; and 4) it fails to clearly show that the judgment was entered against Dr. Mitchell.
In Miles v. Gay, supra, 280 Ala. at 138, 190 So.2d at 692, the Court, quoting Duncan v. Ashcraft, 121 Ala. 552, 554-55,25 So. 735, 737 (1889), stated the following with regard to the construction to be placed on Code 1940, Title 7, §§ 584 and 585 (the predecessors to §§ 6-9-210 and 6-9-211):
 " 'The following general propositions, and which are well-settled rules of construction, we take as our guide in dealing with the question before us: Those statutes which are in derogation of the common law, and such as create rights in their nature extraordinary, are to be strictly construed. A substantial compliance in every essential particular is required, *Page 987 
before the benefits conferred by such statutes can be obtained or enjoyed. An omission of any material or particular requirement contained in the provisions of the statute, in an attempt to secure the benefit or right conferred by the statute, cannot be deemed a substantial compliance.' "
In Bank of Anniston, supra, this Court considered whether a certificate of judgment that failed to show the address of the judgment debtors "as shown in the court proceedings" complied with § 6-9-210. The Court held, in effect, that compliance with the address requirement in the statute was not material to the creation of the lien (i.e., that the omission of the judgment debtor's address as shown in the court proceedings was not a fatal defect in the certificate of judgment). The Court stated as follows:
 "The certificate of judgment prepared by the clerk of the Calhoun County Circuit Court showed the addresses of the Winsons as '(Texas Florida addresses) (also Anniston).' The trial court found that the certificate complied with § 6-9-210.
 "[Bank of Anniston] argues that the certificate of judgment did not create a lien against the Winsons' property because it failed to show their addresses as revealed in the trial court proceedings. The appellant cites Miles v. Gay, 280 Ala. 131, 190 So.2d 686 (1966), for the proposition that § 6-9-210 'is in derogation of the common law and is to be strictly construed.' Both parties cite Ball v. Vogtner, 362 So.2d 894 (Ala. 1978); [Bank of Anniston] argues that Ball supports its contention that § 6-9-210 must be strictly observed in order to create a lien, and [Farmers Merchants State Bank] argues that Ball is distinguishable from the present case. In Ball, we held:
 " 'For a judgment to create a lien on the property of the defendant, a certificate must be filed in the office of the judge of probate of the county in which the property is situated which shows: (1) the style of the court which entered the judgment, (2) the amount and date thereof, (3) the amount of costs, (4) the names of the parties thereto, (5) the name of the plaintiff's attorney, and (6) the address of each defendant or respondent, as shown in the court proceedings. Ala. Code §§ 6-9-210 to -211 (1975). To create a lien, the statutory requirements as to the contents of the certificate must be strictly observed. See, e.g., Duncan v. Autauga Banking Trust Co., 223 Ala. 434, 136 So. 733 (1931).'
 "362 So.2d at 897. We note, however, that the statutory requirement that the contents of the certificate of judgment be strictly observed must be viewed in relation to the purpose of that requirement. That purpose is to provide notice of the judgment to anyone searching title to the real property. In Ball, the judgment debtor was incorrectly named as Mary Morgan instead of as Mary Collins; therefore, a third party could not have discovered the judgment lien in the chain of title and would not have had notice of an encumbrance on the title. Here, however, the certificate of judgment was within the chain of title and would have given notice to anyone searching title to the property. [Bank of Anniston] argues that the omission of the Winsons' specific addresses from the certificate of judgment was, in itself, a fatal defect, but does not claim that the omitted addresses impaired their discovery of the certificate. The focus of our holding in Ball was the sufficiency of the certificate of judgment to impart notice of the judgment lien to subsequent title searchers, not a rigid adherence to form.
 "In the present case, the clerk of the Calhoun County Circuit Court stated in his affidavit that the Winsons had seven addresses and that there was not adequate space on the certificate to list them all. . . . The notation on the certificate of judgment, '(Texas Florida addresses) (also Anniston),' was found by the trial court to comply with the address requirement of § 6-9-210. Any diligent search of the title to the property in question would have revealed the Certificate of judgment. There is no evidence before *Page 988 
us to suggest that the Winsons' addresses, as stated on the certificate, misled anyone or failed to give notice of the prior judgment in favor of [Farmers Merchants State Bank]. The clerk's notation on the certificate of judgment, in this instance, provided notice that a title searcher should consult the court record for further information. We cannot say that the trial court erred in finding that the certificate of judgment complied with the requirements of § 6-9-210. To hold otherwise would be a triumph of form over substance."
Applying the rationale of Bank of Anniston to the present case, we hold that the certified copy of the Bowmans' judgment was sufficient under § 6-9-210 to constitute a lien on Dr. Mitchell's property for $62,250. The certificate shows that the copy of the judgment attached thereto was a correct copy of a judgment entered in the United States Bankruptcy Court for the Southern District of Alabama. Dr. Mitchell's address did not appear in the certificate; however, as in Bank of Anniston, supra, this omission was not fatal. Both the certificate and the copy of the judgment list the case numbers pertaining to the Mitchells' bankruptcy court proceedings; therefore, someone searching the title could easily consult the bankruptcy court's records for this additional information. The copy of the judgment shows that the judgment was entered on February 23, 1988, and that it was in the amount of $62,250, "plus court costs and attorneys fees." It also shows that the Bowmans were the plaintiffs in whose favor the judgment was entered and that Dr. Mitchell was the defendant. The name of the Bowmans' attorney was also shown. Although the Bowmans did not record a "certificate of judgment" in the probate office, it appears that anyone searching the title to Dr. Mitchell's real property would discover the certified copy of the judgment and would learn from it that the Bowmans had secured a judgment against Dr. Mitchell in the amount of $62,250. To hold that the certified copy of the Bowmans' judgment was not sufficient under § 6-9-210 to constitute a lien on Dr. Mitchell's property for $62,250 — i.e., that the certified copy of the judgment did not qualify as a "certificate of judgment" — would, as the Court noted in Bank of Anniston, supra, be a "triumph of form over substance."
It cannot be said, however, that the certified copy of the Bowmans' judgment was sufficient under § 6-9-210 to constitute a lien on Dr. Mitchell's property for the amount of court costs and attorney fees assessed against Dr. Mitchell in the bankruptcy court. Those amounts were not set out in the certified copy of the judgment. We adhere to the views expressed in Miles v. Gay, supra, and Morris v. Waldrop, supra, that a statement of the amount of court costs assessed against a judgment debtor is a material requirement of the statute, because it is necessary to provide notice of the amount of the lien. Likewise, a statement of the amount of attorney fees assessed against a judgment debtor, such fees being a part of the judgment, is a material requirement of the statute. However, in accordance with the rationale expressed in Bank ofAnniston, supra, we do not view the omission of a statement of these amounts as precluding the creation of a lien in the Bowmans' favor for the amount of the judgment stated.
Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P. The uncontroverted evidence in this case shows that SouthTrust was not entitled to a judgment as a matter of law.
For the foregoing reasons, the summary judgment is reversed and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur. *Page 989