This case involves the determination of the applicable statute of limitations in a legal malpractice case. On February 3, 1989, Therrell Corte filed suit in the Circuit Court of Baldwin County, Alabama, against R. Edward Massey, Jr., alleging that Massey's representation and handling of her divorce case fell below the standard of a reasonable and competent attorney. She sought compensatory and punitive damages. Massey moved for summary judgment, contending that Mrs. Corte's suit was barred by the statute of limitations. Specifically, Massey argued that Mrs. Corte's claim was barred by § 6-5-574, Code of Ala. 1975, as amended. The trial judge granted Massey's motion. Mrs. Corte appeals.
The record reflects that Massey represented Mrs. Corte when she was divorced from her husband on June 5, 1980. A settlement agreement, signed by Dr. and Mrs. Corte, was adopted by the Circuit Court of Baldwin County, Alabama, into the final judgment of divorce. The agreement provided, among other things, that Dr. Corte would pay Mrs. Corte $150,000 as alimony in gross in five annual installments of $30,000 each, due on September 1 of each year. Mr. Corte made the first and second payments in 1980 and 1981, but failed to make any further payments.
When the third payment was not made, Massey filed a copy of the divorce judgment in Baldwin County in an attempt to create a lien on Dr. Corte's real property. However, the filing of the judgment, on February 8, 1983, was insufficient to create a lien on the real property because the filing did not meet the requirements of Code 1975, § 35-4-131 and §§ 6-9-210 and -211. Mrs. Corte claims that this defective filing was the "act" giving rise to her cause of action for legal malpractice. However, she maintains that her cause did not accrue until August 16, 1988, when the trial court dismissed her case, which had been filed by another attorney, to set aside certain conveyances of real property by Dr. Corte.
Massey contends that the statutory period of limitations began to run on June 5, 1980, or, at the latest, in late September or October 1982, when Dr. Corte failed to make the third payment. Massey states in his affidavit in support of his motion for summary judgment that he met with Mrs. Corte on September 29, 1983, and dictated a letter to her former husband's attorney. This is the last date of his representation of her in any matter.
We must determine whether the trial court erred in entering the summary judgment for Massey on the grounds that Mrs. Corte's claims were barred by the statute of limitations. We do not consider whether Massey was negligent in his representation of Mrs. Corte.
This Court construed the statute of limitations provided in § 6-5-574 of the Alabama Legal Services Liability Act ("LSLA") in Michael v. Beasley (on application *Page 1110 
for rehearing), 583 So.2d 245 (Ala. 1991), wherein we concluded:
 "To summarize, we first hold that the time limits in the LSLA are to be measured from the date of the accrual of a cause of action and not from the date of the occurrence of the act or omission. Second, we hold that the legislature intended that the one year given by the saving provision in Ala. Code 1975, § 6-5-574(a), should be measured from the 'effective date' of the Act. The effective date of the LSLA is April 12, 1988. Ala. Code 1975, § 6-5-581. Third, because the legislature measured the saving provision from the effective date (April 12, 1988), which provides a reasonable period of time, we hold that the legislature intended the LSLA to apply retrospectively.
 "Consequently, § 6-5-574(a) provides that a cause of action against a legal service provider must be commenced within whichever of the following limitations periods would provide the longest time in which to bring an action: (1) within two years after the cause of action accrued; (2) if the cause of action could not reasonably be discovered within two years, then within six months from the date of discovery of the cause of action or the date of the discovery of facts that would reasonably lead to discovery, provided that in no event can the action be commenced more than four years after the cause of action accrued; or (3) if the cause of action accrued before the effective date, then within one year after the effective date of April 12, 1988."
583 So.2d at 252.
In Cofield v. Smith, 495 So.2d 61 (Ala. 1986), this Court relied upon and quoted Payne v. Alabama Cemetery Ass'n, Inc.,413 So.2d 1067 (Ala. 1982):
 " 'The statute . . . will not begin to run until some injury occurs which gives rise to a maintainable cause of action. . . . In actions such as the case at bar, the act complained of does not itself inflict a legal injury at the time it is done, but plaintiff's injury only follows as a result and a subsequent development of the defendant's act. "In such cases, the cause of action 'accrues,' and the statute of limitations begins to run, 'when and only when, the damages are sustained.' " ' "
495 So.2d at 62. Michael v. Beasley, supra. Garrett v,Raytheon Co., 368 So.2d 516 (Ala. 1979).
We have closely and carefully examined the record in this case. On February 8, 1983 (the date upon which Massey sought to perfect a lien against Dr. Corte's property, but failed to do so), Mrs. Corte sustained a legal injury sufficient for her to maintain an action against Massey. Because her claim accrued prior to the effective date of the LSLA, and because the period of limitations applicable to her claim had not expired by that effective date, April 12, 1988, she had until April 12, 1989, in which to file suit. Michael v. Beasley, supra. She filed on February 3, 1989, and thus her suit is saved by the "saving clause" of the LSLA.
The "saving clause" operated in this case as the legislature intended. When the incident occurred on February 8, 1983, which gave rise to this suit, the statutory period of limitations applicable to malpractice actions against attorneys at law was six years, § 6-2-84(8). When the LSLA became effective on April 12, 1988, the period was shortened to two years after a cause of action accrued, but § 6-5-574(a) provided that if the cause of action had accrued before the LSLA's effective date (and was not barred by the statute of limitations in force when it accrued), then a claimant had one year after the effective date in which to bring an action. By filing on February 3, 1989, Mrs. Corte was filing within one year of the effective date of the LSLA.
On the authority of Michael v. Beasley, supra, the judgment of the trial court is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur. *Page 1111