This appeal raises the question whether the filing in the probate court of a copy of a divorce judgment bearing the trial judge's original signature is sufficient to create a lien on real property, despite the provisions in §§ 6-9-210 and -211, Ala. Code 1975, stating that a certificate of judgment is necessary. For the reasons discussed below, we answer that question in the negative.
 I. Facts and Procedural History
On October 7, 1993, Judge Richmond Pearson of the Clarke County Circuit Court entered a judgment divorcing William M. Cagle, Jr., and his wife, Pamela A. Holberg (Cagle). That judgment provided that the wife was to receive alimony in gross of $960,000, which the husband was to pay the wife in monthly installments of $4,000. The wife's attorney received a copy of the divorce judgment, bearing Judge Pearson's original signature; he filed that document in the Mobile County Probate Court on November 16, 1995.
The husband died on September 25, 1997. On January 23, 1998, the wife filed, in the Mobile County Probate Court, a claim against the husband's estate, for $896,000. The wife's claim of $896,000 included $796,000 in unpaid alimony in gross and $100,000 for the husband's failure to maintain a life-insurance policy of that amount.
The estate included the deceased's home, which was located in Mobile County. The wife claimed a lien against the property, based on the copy of the divorce judgment that her attorney had recorded in 1995. AmSouth Bank and the United States Internal Revenue Service also claimed liens against the property. S. Felton Mitchell, as administrator of the husband's estate, moved the probate court to allow him to sell the home. The court ordered that the property be sold, free of liens, with the provision that any liens on the property would attach to the proceeds of the sale.
Mitchell objected to the wife's claim. He claimed, among other things, that her claim of a lien on the property was invalid because, he argued, she had not complied with the requirements §§ 6-9-210 and -211, Ala. Code 1975. The probate judge set a hearing on that issue, and, after the *Page 835 
hearing, entered an order holding that the wife had met the requirements for establishing a lien on the property. The probate court certified that order as final, pursuant to Rule 54(b), Ala.R.Civ.P. AmSouth appeals from that order, under the provisions of § 12-22-21, Ala. Code 1975.
 II. Discussion
The single question presented by this appeal is whether a copy of a trial judge's judgment, bearing that judge's original signature, is sufficient to create a judgment lien, when filed in the probate court.
We begin our analysis of that question by considering § 6-9-210, Ala. Code 1975, which provides, in part:
 "The owner of any judgment entered in any court of this state . . . may file in the office of the judge of probate of any county of this state a certificate of the clerk . . . of the court by which the judgment was entered, which certificate shall show the style of the court which entered the judgment, the amount and date thereof, the amount of costs, the names of all parties thereto and the name of the plaintiff's attorney and shall be registered by the judge of probate in a book to be kept by him for that purpose, which said register shall also show the date of the filing of the judgment."
Section 6-9-211 provides, in part:
 "Every judgment, a certificate of which has been filed as provided in Section 6-9-210, shall be a lien in the county where filed on all property of the defendant which is subject to levy and sale under execution. . . . The filing of said certificate of judgment, as provided in Section 6-9-210, shall be notice to all persons of the existence of the lien thereby created."
AmSouth cites Miles v. Gay, 280 Ala. 131, 190 So.2d 686 (Ala. 1965), as standing for the proposition that these sections must be strictly interpreted. In that case, this Court, considering the statutory predecessor of §§ 6-9-210 and -211, quoted from Duncan v. Ashcraft,121 Ala. 552, 554, 25 So. 735, 737 (1899):
 "`The following general propositions, and which are well-settled rules of construction, we take as our guide in dealing with the question before us: Those statutes which are in derogation of the common law, and such as create rights in their nature extraordinary, are to be strictly construed. A substantial compliance in every essential particular is required, before the benefits conferred by such statutes can be obtained or enjoyed. An omission of any material or particular requirement contained in the provisions of the statute, in an attempt to secure the benefit or right conferred by the statute, cannot be deemed a substantial compliance.'"
280 Ala. at 138, 190 So.2d at 692. AmSouth cites Saenger Theatres Corp.v. McDermott, 239 Ala. 629, 196 So. 265 (1940), and Corte v. Massey,582 So.2d 1108 (Ala. 1991). In Saenger Theatres, this Court stated:
 "We deem it not out of place to observe that the statute, Code 1923, § 7874, does not authorize judgments to be recorded `in the Probate Court.' What it does authorize is that `a certificate of the clerk or register of the court by which the judgment or decree was rendered' be filed and registered `in the office of the judge of probate.'"
239 Ala. at 633, 196 So. at 267. In Corte, this Court wrote:
 "Massey filed a copy of the divorce judgment in Baldwin County in an attempt to create a lien on Dr. Corte's real property. However, the filing of the judgment . . . was insufficient to create a lien on the real property because the filing did not meet the requirements of Code *Page 836 
1975, § 35-4-131 and §§ 6-9-210 and -211."
582 So.2d at 1109.
Ms. Holberg, the former wife, argues that the statement quoted here fromSaenger Theatres was dictum and that the Corte
decision is not controlling because the Court did not discuss the reasons for reaching its conclusion in that case. Further, she cites Bankof Anniston v. Farmers Merchants State Bank of Krum, Texas, 507 So.2d 927
(Ala. 1987), and Bowman v. SouthTrust Bank of Mobile, 551 So.2d 984
(Ala. 1989), for the proposition that this Court has relaxed its requirement of strict compliance with the provisions of §§ 6-9-210 and -211. InBank of Anniston, this Court considered a case in which the address of the defendant was not accurately listed on the certificate of judgment. This Court stated:
 "We note . . . that the statutory requirement that the contents of the certificate of judgment be strictly observed must be viewed in relation to the purpose of the requirement. That purpose is to provide notice of the judgment to anyone searching title to the real property. . . . Here, . . . the certificate of judgment was within the chain of title and would have given notice to anyone searching title to the property."
507 So.2d at 929. This Court also stated:
 "We cannot say that the trial court erred in finding that the certificate of judgment complied with the requirements of § 6-9-210. To hold otherwise would be a triumph of form over substance."
507 So.2d at 930.
In Bank of Anniston, and in Bowman as well, this Court considered a challenge to the validity of a judgment lien; in each case, the challenge was based on an argument that the certificate of judgment filed in the case had failed to meet the requirements of §§ 6-9-210 and -211. In both cases, this Court, as Ms. Holberg points out, retreated somewhat from a strict application of the provisions of those statutes. However, AmSouth argues that those cases are distinguishable, and we agree.
AmSouth argues that Bank of Anniston and Bowman are distinguishable because in each of those cases the owner of the judgment filed a certificate of judgment in the probate court. The problem in each of those cases was that the certificate did not include all the information required by § 6-9-210. In this present case, however, the wife did not file a certificate of judgment at all. Rather, she filed a copy of the judgment of divorce.
Ms. Holberg argues that that distinction is not relevant and that this Court should recognize her filing of a copy of the judgment as sufficient to meet the requirements of the statutes:
 "After Bowman, . . . it is clear that it is the notice aspect of a recorded judgment that creates the judgment lien set forth in § 6-9-211, and not strict compliance with the statutory requirements. It is a short step to recognize the notice given by a recorded original or copy of a judgment."
(Brief of appellee at 8.) We decline the invitation to take that "short step."
As this Court has frequently stated, when a court construes a statute, the court must "ascertain the legislative intent from the language used in the enactment," and, it has stated, "When the statutory pronouncement is clear and not susceptible to a different interpretation, it is the paramount judicial duty of a court to abide by that clear pronouncement."Parker v. Hilliard, 567 So.2d 1343 (Ala. 1990). To do otherwise would be to infringe on *Page 837 
the powers reserved by our Constitution to the Legislature.
We must respectfully disagree with the probate court's holding.Bowman and Bank of Anniston are distinguishable and are thus not controlling. We also conclude that we are not at liberty to waive the clearly expressed requirement of the Legislature, evidenced in § 6-9-210, that the judgment creditor seeking to create a judgment lien file a certificate of judgment. See Corte v. Massey, supra. Therefore, we reverse the judgment of the probate court and remand this case for further proceedings.
REVERSED AND REMANDED.
Hooper, C.J., and Houston, See, Lyons, and Brown, JJ., concur.