BOLIN, Justice.
 

 This appeal raises the question whether the filing of a judgment in the probate court is sufficient to create a lien on real property when §§ 6-9-210 and -211, Ala. Code 1975, require the filing of a
 
 certificate
 
 of judgment in order to create such a lien, and, if not, whether a later filed certificate of judgment can relate back to the date the judgment was entered for purposes of notice.
 

 I. Facts and Procedural History
 

 On August 23, 2006, Michael G. Murphy III and Kelly L. Murphy filed a complaint against East Beach Development, LLC, and Seaside Title Company, LLC; the dispute arose out of a contract entered into by East Beach Development, LLC, and the Murphys pursuant to which East Beach Development was to construct and the Murphys were to purchase a unit in a condominium development. In their complaint, the Murphys sought (1) damages for breach of contract; (2) a temporary restraining order; and (3) injunctive relief, all relating to the failure by East Beach Development, LLC, to close on the condominium unit (hereinafter referred to as “the subject property”) “within fifteen days” and to construct the condominium in accordance with the contract between the Murphys and East Beach Development, LLC.
 

 On August 22, 2007, the trial court issued the following judgment in favor of the Murphys:
 

 “Upon taking of testimony, the Court finds that the parties breached terms and conditions in the contract and, therefore, the contract could not be enforced by either party. [The Murphys] are, therefore, entitled to refund of their earnest money provided through a letter of credit. Judgment for [the Murphys] for the amount of the letter of credit, each party to bear its own costs and attorney fees.”
 
 [1]
 

 The Murphys recorded the judgment in the Baldwin County Probate Court on the same day it was issued. On May 14, 2008, East Beach Development, LLC, transferred the subject property to BMJA, LLC (“BMJA”).
 

 
 *753
 
 On October 1, 2008, BMJA filed this proceeding against the Murphys, requesting declaratory relief and seeking to quiet title to the subject property. Thereafter, on January 5, 2009, BMJA filed a motion for a summary judgment, along with supporting documentation. The Murphys filed a response opposing BMJA’s summary-judgment motion along with documentation supporting its opposition. The trial court scheduled a hearing for February 17, 2009, but subsequently, at the Mur-phys’ request, continued the hearing pending the outcome of a ruling by the trial court in the Murphys’ earlier proceeding on a Rule 60(a), Ala. R. Civ. P., motion filed by the Murphys on January 26, 2009. That motion asked the trial court to amend, nunc pro tunc, its August 22, 2007, judgment in order to include Kelly L. Murphy’s name in the heading of the judgment and to include the amount of the earnest money — $100,000. The motion also requested that the trial court order the clerk of the court “to amend the minutes of court to reflect the amendments and to issue a certificate of judgement reflecting the amendments.” The trial court in the earlier proceeding granted the Murphys’ Rule 60(a) motion on January 29, 2009, and the certificate of judgment was filed in the probate court on March 10, 2009. The trial court in BMJA’s later filed action then denied BMJA’s summary-judgment motion, and the parties submitted the case for decision based on factual stipulations. On May 18, 2009, the trial court entered a final judgment in favor of the Murphys. BMJA appeals, raising the following issues: (1) whether the August 22, 2007, judgment that was recorded in the probate court was sufficient under the provisions of Aa.Code 1975, §§ 6-9-210 and -211, to constitute a lien on the subject property acquired by BMJA from East Beach Development, LLC, and (2) whether the March 10, 2009, certificate of judgment obtained by the Murphys and filed in the probate court that same day relates back to the August 22, 2007, judgment, so as to constitute a lien as of that date.
 

 II. Standard of Review
 

 “The trial court in this case applied the law to undisputed, stipulated facts. Our review therefore is de novo.
 

 “ ‘When reviewing a case in which the trial court sat without a jury and heard evidence in the form of stipulations, briefs, and the writings of the parties, this Court sits in judgment of the evidence; there is no presumption of correctness.
 
 Old Southern Life Ins. Co. v. Williams,
 
 544 So.2d 941, 942 (Ma.1989);
 
 Craig Constr. Co. v. Hendrix,
 
 568 So.2d 752, 756 (Aa. 1990). When this Court must determine if the trial court misapplied the law to the undisputed facts, the standard of review is de novo, and no presumption of correctness is given the decision of the trial court.
 
 State Dep’t of Revenue v. Garner,
 
 812 So.2d 380, 382 (Aa.Civ.App.2001); see also
 
 Ex parte Graham,
 
 702 So.2d 1215 (Ala.1997). In this case the trial court based its decision upon the stipulations, briefs, writings, and arguments of the parties’ attorneys. No testimony was presented. Therefore, we must sit in judgment of the evidence, and the trial court’s ruling carries no presumption of correctness.’ ”
 

 American Res. Ins. Co. v.H & H Stephens Constr., Inc.,
 
 939 So.2d 868, 872-73 (Ma.2006)(quoting
 
 Bean Dredging, L.L.C. v. Alabama Dep’t of Revenue,
 
 855 So.2d 513, 516-17 (Ma.2003)).
 

 III. Discussion
 

 BMJA first asserts that the August 22, 2007, judgment is legally insufficient under Ma.Code 1975, §§ 6-9-210 and -211, to constitute a lien on the subject
 
 *754
 
 property because, it says, those statutes make no provision for recording judgments in the probate court. BMJA asserts that those statutes instead mandate the filing of a
 
 certificate
 
 of judgment.
 

 Section 6-9-210, Ala.Code 1975, provides, in part:
 

 “The owner of any judgment entered in any court of this state ... may file in the office of the judge of probate of any county of this state a
 
 certificate of the clerk
 
 or register of the court by which the judgment was entered,
 
 which certificate shall show the style of the court which entered the judgment, the amount and date thereof, the amount of costs, the names of all parties thereto and the name of the plaintiffs attorney
 
 and shall be registered by the judge of probate in a book to be kept by him for that purpose, which said register shall also show the date of the filing of the judgment.”
 

 (Emphasis added.)
 

 Section 6-9-211, Ala.Code 1975, provides, in part:
 

 “Every judgment,
 
 a certificate of which has been filed as provided in Section 6-9-210, shall be a lien
 
 in the county where filed on all property of the defendant which is subject to levy and sale under execution....
 
 The filing of said certificate of judgment, as provided in Section 6-9-210, shall be notice to all persons of the existence of the lien thereby created.”
 

 (Emphasis added.)
 

 The express language of § 6-9-210, Ala. Code 1975, requires that the owner of a judgment seeking to create a lien must file a certificate of judgment in the probate court. In
 
 Saenger Theatres Corp. v. McDermott,
 
 239 Ala. 629, 633, 196 So. 265, 268 (1940), this Court stated:
 

 “We deem it not out of place to observe that the statute, Code 1923, § 7874 [now § 6-9-210],
 
 does not authorize judgments to be recorded ‘in the Probate Court. ’ What it does authorize is that ‘a certificate of the clerk or register of the court by tuhich the judgment or decree was rendered’
 
 be filed and registered ‘in the office of the judge of probate.’ ”
 

 (Emphasis added.) In
 
 AmSouth Bank v. Holberg,
 
 789 So.2d 833 (Ala.2001), this Court held that a party’s filing of a copy of a divorce judgment in the probate court was not sufficient to create a lien and that, instead, the party must file a certificate of judgment. The Murphys argued in the trial court that the judgment they filed in the Baldwin County Probate Court on August 22, 2007, complied with the statutory requirements because, they argue, the standards for compliance with §§ 6-9-210 and -211 have been relaxed. This Court dismissed a similar argument in
 
 Holberg,
 
 stating:
 

 “Ms. Holberg, the former wife, argues that the statement quoted here from
 
 Saenger Theatres [Corp. v. McDermott,
 
 237 Ala. 489, 187 So. 460 (1939) ], was dictum and that the
 
 Corte [v. Massey,
 
 582 So.2d 1108 (Ala.1991),] decision is not controlling because the Court did not discuss the reasons for reaching its conclusion in that case. Further, she cites
 
 Bank of Anniston v. Farmers & Merchants State Bank of Krum, Texas,
 
 507 So.2d 927 (Ala.1987), and
 
 Bowman v. SouthTrust Bank of Mobile,
 
 551 So.2d 984 (Ala.1989), for the proposition that this Court has relaxed its requirement of strict compliance with the provisions of §§ 6-9-210 and -211. In
 
 Bank of Anniston,
 
 this Court considered a case in which the address of the defendant was not accurately listed on the certificate of judgment. This Court stated:
 

 
 *755
 
 “ ‘We note ... that the statutory requirement that the contents of the certificate of judgment be strictly observed must be viewed in relation to the purpose of the requirement. That purpose is to provide notice of the judgment to anyone searching title to the real property.... Here, ... the certificate of judgment was within the chain of title and would have given notice to anyone searching title to the property.’
 

 “507 So.2d at 929. This Court also stated:
 

 “ ‘We cannot say that the trial court erred in finding that the certificate of judgment complied with the requirements of § 6-9-210. To hold otherwise would be a triumph of form over substance.’
 

 “507 So.2d at 930.
 

 “In
 
 Bank of Anniston,
 
 and in
 
 Bowman
 
 as well, this Court considered a challenge to the validity of a judgment lien; in each case, the challenge was based on an argument that the certificate of judgment filed in the case had failed to meet the requirements of §§ 6-9-210 and -211. In both cases, this Court, as Ms. Holberg points out, retreated somewhat from a strict application of the provisions of those statutes. However, AmSouth argues that those cases are distinguishable, and we agree.
 

 “AmSouth argues that
 
 Bank of Anni-ston
 
 and
 
 Bowman
 
 are distinguishable because in each of those cases the owner of the judgment filed a certificate of judgment in the probate court. The problem in each of those cases was that the certificate did not include all the information required by § 6-9-210. In this present case, however, the wife did not file a certificate of judgment at all. Rather, she filed a copy of the judgment of divorce.
 

 “Ms. Holberg argues that that distinction is not relevant and that this Court should recognize her filing of a copy of the judgment as sufficient to meet the requirements of the statutes:
 

 “ ‘After
 
 Bowman,
 
 ... it is clear that it is the notice aspect of a recorded judgment that creates the judgment lien set forth in § 6-9-211, and not strict compliance with the statutory requirements. It is a short step to recognize the notice given by a recorded original or copy of a judgment.’
 

 “(Brief of appellee at 8.) We decline the invitation to take that ‘short step.’
 

 “As this Court has frequently stated, when a court construes a statute, the court must ‘ascertain the legislative intent from the language used in the enactment,’ and, it has stated, ‘When the statutory pronouncement is clear and not susceptible to a different interpretation, it is the paramount judicial duty of a court to abide by that clear pronouncement.’
 
 Parker v. Hilliard,
 
 567 So.2d 1343 (Ala.1990). To do otherwise would infringe on the powers reserved by our Constitution to the Legislature.
 

 ‘We must respectfully disagree with the [trial] court’s holding.
 
 Bowman
 
 and
 
 Bank of Anniston
 
 are distinguishable and are thus not controlling. We also conclude that we are not at liberty to waive the clearly expressed requirement of the Legislature, evidenced in § 6-9-210, that the judgment creditor seeking to create a judgment lien file a certificate of judgment.”
 

 789 So.2d at 836-37.
 

 In the instant case, as in
 
 Holberg,
 
 the Murphys filed with the probate court only a copy of the August 22, 2007, judgment; they did not file a certificate of judgment as required by § 6-9-210, Ala.Code 1975. Accordingly, the filing of the judgment
 
 *756
 
 failed to create a lien against the subject property on that date. The lien is established upon the filing of a certificate of judgment with the probate court.
 
 Reuf v. Fulks,
 
 219 Ala. 252, 122 So. 14 (1929).
 

 The second issue this Court must address is whether the March 10, 2009, certificate of judgment obtained by the Murphys and filed in the probate court on March 10, 2009, relates back to the August 22, 2007, filing of a copy of the trial court’s judgment, thereby making the judgment lien effective as of the earlier date. As previously noted, after BMJA filed its motion for a summary judgment in the later action, apparently pointing out the Mur-phys’ defective filing, the Murphys filed a motion requesting that the trial court that issued the August 22, 2007, judgment amend that judgment, nunc pro tunc, to include Kathy L. Murphy’s name in the heading, to include the amount of earnest money,
 
 and to issue a certificate of judgment.
 
 The trial court granted their motion and issued a certificate of judgment, dated March 10, 2009, which the Murphys then filed in the probate court. The Mur-phys contend on appeal that the amended judgment relates back to the August 22, 2007, judgment and that the filing of the certificate of judgment evidencing the amended judgment thereby created a judgment lien against the subject property on the date the first judgment was filed. BMJA, on the other hand, contends that there is no process of “relation back” under Alabama law whereby a properly prepared certificate of judgment takes effect at any date earlier than the date of its actual recordation, i.e., in this case March 10, 2009. We agree.
 

 In
 
 Pierce v. American General Finance, Inc.,
 
 991 So.2d 212, 216 (Ala.2008), this Court stated:
 

 “In
 
 Ex parte Brown,
 
 963 So.2d 604 (Ala.2007), this Court quoted the following ‘instructive discussion of the scope of a trial court’s authority to correct a clerical mistake’ under Rule 60(a) from the Court of Civil Appeals’ decision in
 
 Higgins v. Higgins,
 
 952 So.2d 1144 (Ala.Civ. App.2006):
 

 “ ‘ “ ‘The object of a Rule 60(a)[, Ala. R. Civ. P.,] motion or a judgment nunc pro tunc is to make the judgment or the record speak the truth. Under Rule 60(a) a correction may be made by the trial court at any time.
 

 “ ‘ “ ‘The trial court’s authority to enter a Rule 60(a) order or a judgment nunc pro tunc is not unbridled. It cannot be used to enlarge or modify a judgment or to make a judgment say something other than what was originally said. If the mistake involves an exercise of judicial discretion, any correction is beyond the scope of Rule 60(a).... ’
 

 “ ‘
 
 “McGiboney v. McGiboney,
 
 679 So.2d 1066, 1068 (Ala.Civ.App.1995) (citations omitted).” ’ ”
 

 In the instant case, the Murphys, on August 22, 2007, filed in the probate court a copy of the trial court’s judgment, not a certificate of judgment. They contend that their lien was effective as of that date because the subsequent nunc pro tunc order, which provided for and became the basis for the March 10, 2009, certificate of judgment, related back not only to correct errors or omissions in the initial money judgment, but also to cause the later filed certificate of judgment to relate back to August 22, 2007. The effect of this would be to subject BMJA to notice of a judgment lien on the subject property on May 14, 2008, when the subject property was purchased, even though that lien could attach only by relation back from an as yet unknown future act. On the date of its purchase, BMJA was not privy to notice of
 
 *757
 
 any proper judgment lien affecting the subject property it sought to acquire from East Beach Development, LLC. The requirements of § 6-9-210, Ala.Code 1975, must be met in order to provide “notice to all persons of the existence of the lien thereby created.” § 6-9-211, Ala.Code 1975.
 

 In
 
 Conn v. Sellers,
 
 198 Ala. 606, 608, 73 So. 961, 962 (1917), this Court stated:
 

 “[T]he rule of law in respect of the effect of nunc pro tunc proceedings is that
 
 a purchaser of real estate takes it charged with only such judgment liens as actually existed at the time of the purchase,
 
 and it is not competent for a court to fasten a lien upon the land of a third person by the rendition of a nunc pro tunc judgment against his grantor (1 Black on Judg. § 410), nor could the certificate registered with the judge of probate have been amended so as to affect plaintiffs previously acquired title.”
 

 (Emphasis added.)
 

 The creation of a judgment lien on the date the certificate of judgment is recorded protects the substantive rights of third parties like BMJA. Specifically, third parties like BMJA, seeking to secure any interest in real property, must be able to rely upon public records to furnish full and complete information of any conveyances, liens, or other encumbrances affecting the real property. Accordingly, the trial court’s amended judgment, nunc pro tunc,
 
 issuing a certificate of judgment
 
 retroactive to August 22, 2007, fell beyond the purview of Rule 60(a), Ala. R. Civ. P. That amendment sought to enlarge the August 22, 2007, judgment by creating a lien that did not exist on that date by virtue of the fact that the Murphys had filed only a copy of the trial’s court judgment in the probate court, not a certificate of judgment as required by statute. Giving nunc pro tunc relation-back treatment of the certificate of judgment would, under these circumstances, be inimical to the legislative purpose of § 6-9-210, Ala.Code 1975, to provide notice to potential purchasers of the existence of a lien or other encumbrance affecting real property. Section 6-9-210, Ala.Code 1975, being in derogation of common law, must be strictly construed.
 
 Miles v. Gay,
 
 280 Ala. 131, 190 So.2d 686 (1965). We, therefore, conclude that the judgment lien in this case was created when the certificate of judgment was actually recorded, i.e., on March 10, 2009, subsequent to BMJA’s purchase of the subject property. Accordingly, the trial court’s judgment is reversed, and the cause is remanded for proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 COBB, C.J., and LYONS, STUART, and MURDOCK, JJ., concur.
 

 [1]
 

 . Neither party raises the issue whether this ruling was a final judgment; we assume, without deciding, that it was.