233 So.2d 230

**Ex parte GENERAL MUTUAL INSURANCE COMPANY, a Corporation.**

**In re GENERAL MUTUAL INSURANCE COMPANY, a Corporation**

**v.**

**Hon. Robert M. PARKER, as Judge of the Circuit Court of Calhoun County, Alabama.**

**7 Div. 853.**

Supreme Court of Alabama.

March 19, 1970.

Mead, Norman & Fitzpatrick and C. William Gladden, Jr., Birmingham, for petitioner.

John R. Phillips, Anniston, for respondents.

Petition for Writ of Mandamus

HARWOOD, Justice.

James Melvin Ginn and the Commercial National Bank of Anniston obtained a judgment for $2700 against the General Mutual Insurance Company in the Circuit Court of Calhoun County.

General Mutual appealed. This court found that under the proof the judgment was excessive by $700.00. The judgment was affirmed but upon the condition that the appellees file a remittitur within thirty days reducing the judgment to $1900.00, otherwise the judgment would be reversed. See General Mutual Insurance Co. v. Ginn, et al., 283 Ala. 470, 218 So.2d 680. Pursuant to the judgment an order was entered providing that:

"The appellees shall be taxed with the costs of appeal and the costs as taxed against the defendant in the court below will stand as taxed."

The appellees timely filed the remittitur, and thereafter an order was entered reducing the judgment to $1900.00, and as thus reduced the judgment was affirmed.

It was further ordered in connection with this judgment that the appellees Ginn and the Commercial National Bank "pay the costs accruing on said appeal in this court and in the court below, for which costs let execution issue."

No application for rehearing was filed subsequent to the entry of the final judgment of this court.

The appellees paid the court costs of $19.00 accrued in this court, and $58.10, the amount of the costs in the circuit court.

These costs did not include the amount paid to the court reporter for preparing the

transcript of the evidence, which was $408.-00.

General Mutual thereupon filed a motion in the circuit court to have the amount paid by it to the court reporter be taxed against Ginn and the First National Bank as costs of the appeal. It was further moved that General Mutual be allowed to deduct from the amount of the judgment in satisfying the same the amount paid to the court reporter.

Attached to the motion was an affidavit by the court reporter that she had prepared the transcript of the evidence pursuant to Section 827(2), Title 7, Code of Alabama 1940, as amended, and that attorneys for General Mutual had paid her $408.00 for such work and that the amount paid was reasonable.

After hearing the motion the court denied the same on 28 March 1969, substantially on the grounds that, (1) it was the opinion of the court that the order of the Supreme Court did not include the costs of preparing the transcript of the evidence, and, (2) that under the provisions of Sections 65–76 of Title 11, Code of Alabama 1940, the taxation of the costs of preparing the transcript of the evidence would be unjust and unconscionable. We interpolate that these sections deal with the taxation and retaxation of costs in the trial court.

General Mutual hereinafter referred to as the petitioner, then filed in this court a petition for a writ of mandamus against Hon. Robert M. Parker, as Judge, etc., attaching as exhibits to the petition copies of the material documents filed in the proceedings below. The petitioner prayed that Judge Parker's order of 28 March 1969, be set aside and that he be ordered to tax as costs the amount paid for the preparation of the transcript of the evidence, and that it be allowed to deduct the cost of the transcript of the evidence in satisfying the judgment.

This court issued a rule nisi as prayed, returnable in thirty days.

Within thirty days Judge Parker filed his answer. Among the grounds presented by Judge Parker as sustaining his action in denying petitioner's motion to tax the costs of preparing the transcript of the evidence as part of the costs of appeal are:

(a) The successful party in a civil action is entitled to full costs, subject to the discretionary power of the court to apportion the costs as justice and equity may demand, and General Mutual was not the successful party.

(b) To require the plaintiffs in the original suit to pay $408.00 as costs of the appeal, out of a judgment of $1900.00 would be contrary to law, justice, and equity.

As to ground (a) above, it has been the settled practice for many years to tax the costs of appeal upon the appellee where the appellee accepts the requirement of a remittitur imposed by a conditional affirmance of the judgment.

As stated on rehearing in Western Union Telegraph Co. v. Bashinsky, Case & Co., 217 Ala. 661, 117 So. 289:

"When a judgment is corrected and affirmed on appeal with any substantial change in the amount or terms of the judgment, favorable to the appellant, the costs of the appeal are automatically cast upon the appellee, just as in cases of nominal reversal.

"This being the practice, it was not necessary to mention the matter of costs in the opinion. It may as well be said, however, that the costs of the appeal in this case will fall upon the appellee."

To like effect see Louisville & N. E. Co. v. Grizzard, 238 Ala. 49, 189 So. 203; Ingalls v. Holleman, 244 Ala. 188, 12 So.2d 751; Nelson v. Nelson, 249 Ala. 482, 31 So.2d 685; City of Anniston v. Douglas, 250 Ala. 367, 34 So.2d 467; Foodtown Stores, Inc. v. Patterson, 282 Ala. 477, 213 So.2d 211; Eastern Air Lines v. Williamson, 282 Ala. 421, 211 So.2d 912.

■ Unless a court directs a verdict and therein sets the amount of damages, the matter of excessiveness of damages must be presented to the trial court by motion for a new trial. This was done in the original suit in this case, and the lower court denied the motion. Thus the petitioner was presented with a judgment affected with error if in fact the damages awarded were excessive. His only recourse to correct this error was by appeal. In accord with appellant's (petitioner here) contention, this court found the damages excessive and affirmed conditionally. Without the provisions of the remittitur statute, the judgment would have had to be reversed because of this error. In this light, General Mutual was the successful party in the appeal.

A transcript of the evidence was a necessary part of General Mutual's appeal if the question of the excessiveness of damages was to be presented. General Mutual paid the court reporter for this transcript of the evidence.

Section 827(2), Title 7, Code of Alabama 1940, as amended, provides that a court reporter shall not be required to perform any part of such service (preparing a transcript of the evidence) unless payment in full is assured when the transcript is ready for filing. There does not seem to be any question but that the fee paid the court reporter in this case for her services was not reasonable, or not in accord with the schedule of payment for such services as provided by Section 827(2), Title 7, Code of Alabama, as amended.

The above section also provides:

"The fees of the reporter for preparing the transcript shall be taxed as a part of the costs of the appeal."

In the final judgment rendered after the conditional judgment on the appeal in General Mutual Ins. Co. v. Ginn, supra, it was ordered that the appellees pay the costs accruing on appeal in this court and in the court below.

■ Under the decisions above referred to the costs of the transcript of the evidence were a part of the costs of appeal.

It would appear therefore that the order of the lower court denying petitioner's motion to have the cost of the transcript of the evidence taxed as part of the appeal costs was contrary to the statute appertaining, to the doctrines of prior decisions of this court, and also contrary to the order and judgment of this court specifically made in the appeal of the original suit. The lower court was bound by this order.

Unless upon receipt of this opinion by the respondent judge, the order of 28 March 1969 is vacated, and one entered taxing the costs of the transcript of the evidence as part of the appeal costs, and permitting General Mutual to receive credit for such costs in satisfying the judgment, a peremptory writ of mandamus will be awarded. (See Ex parte Williams, 275 Ala. 263, 154 So.2d 22.)

Writ of mandamus conditionally awarded.

LIVINGSTON, C. J., and LAWSON, MERRILL and MADDOX, JJ., concur.