This is an original Petition for Mandamus to compel the trial judge to tax the costs against the losing party in a prior appeal.
On February 20, 1976, this Court reversed and remanded a directed verdict granted by the trial court to the plaintiff, D.L. Martin, Jr. Loeb and Co., Inc. v. Martin, 295 Ala. 262,327 So.2d 711 (1976). That decision ordered Martin to pay the cost of the appeal to the petitioner, Loeb. On March 15, 1976, Loeb served a motion to tax Martin with the cost of the court reporter's transcript, asserting that this was one of the costs of his successful appeal.
A hearing on the motion was set on the 18th day of August, 1976. At that time, the motion was taken under advisement. Subsequently, the case was re-tried, and the jury rendered a verdict in favor of Martin. Loeb then filed a motion for a new trial, which was set for hearing on November 24, 1976.
Loeb again gave notice that he would seek a ruling on his motion to tax costs during the new trial proceedings. At that time, the trial judge, respondent in this case, declined to rule on the motion to tax costs of the transcript until final disposition of the original civil action.
There is no controversy as to the facts. What the petitioner seeks is the issuance of a writ of mandamus to compel the trial judge to enter an order taxing costs of the transcript to Martin.
Mandamus is a drastic and extraordinary writ. Folmar v.Brantley, 238 Ala. 681, 193 So. 122 (1939). To grant an individual a writ of mandamus, there must be (a) a clear legal right in petitioner to the order sought, (b) an imperative duty upon the respondent to perform accompanied by a refusal to do so, (c) a lack of another adequate remedy, and (d) the jurisdiction of the court must be properly invoked. Ex parteSykes, 44 Ala. App. 473, 213 So.2d 413 (1968).
The trial judge contends that he has not refused to act, and that mandamus does not lie because there must be a refusal by the trial court to act on an imperative legal duty. He reasons that this ruling merely postponed any action until a final disposition of the original action.
We cannot agree with the trial judge. Costs of an appeal, both in this Court and in the lower courts, become payable when a judgment is rendered and no application for rehearing is filed or an application has been denied. A judgment of this Court, ordering a party to pay the cost of appeal, is final.Childress v. Younger, 258 Ala. 219, 61 So.2d 808 (1952). Thus, unless this Court orders otherwise, when a judgment is reversed, costs shall be taxed against the appellee. ARCP Rule 35 (a).
Ex parte General Mutual Insurance Co., 285 Ala. 445,233 So.2d 230 (1970), is controlling here. In that decision, this Court pointed out that the fees of the reporter are to be taxed as part of the costs of an appeal. 285 Ala. at 448,233 So.2d 230; Title 7 § 827 (2), Code of Alabama 1940. The petitioner followed closely the procedure set forth by that decision. Not only did Loeb file a motion requesting the taxing of costs but the motion was accompanied by an affidavit of the court clerk setting forth the amount paid as well as the reasonableness thereof. Thus, the petitioner had done everything in its power legally to secure payment of costs by Martin without success. Its only remaining remedy was to seek mandamus from this Court.
The trial court's refusal to grant the order for costs until a final determination of this cause violated the petitioner's clear legal right to reimbursement. For these reasons, unless upon receipt of this opinion by the respondent judge, an order is entered within 14 days taxing costs of the proceedings and transcript to Martin, a peremptory writ of mandamus will be awarded.
PEREMPTORY WRIT CONDITIONALLY AWARDED.
TORBERT, C.J., and JONES, SHORES, EMBRY and BEATTY, JJ., concur.
FAULKNER, J., dissents. *Page 11