JONES, Justice.
This is a Petition for Writ of Mandamus compelling the Lawrence County Circuit Court to allow The Travelers Insurance to intervene in a pending wrongful death action to protect its interest as subrogee in an uninsured motorist context. On preliminary review, we required an answer by Respondents because, at first blush, it appeared that the Circuit Court had denied Petitioner’s motion to intervene in a routine uninsured motorjst case in which the insurer paid maximum uninsured benefits ($10,-000) upon condition that it be reimbursed from any recovery by the insured from the uninsured tortfeasor.
Upon receipt of Respondent’s answers and briefs of the parties, however, we find a somewhat different state of facts. The official accident report discloses a one-car accident in which a passenger, Timothy Wayne Scott (a minor), was killed. The driver Riddle was uninsured but the deceased passenger was insured for uninsured motorist coverage by Travelers. The deceased’s mother (Mary E. Scott) and her lawyer learned from witnesses to the accident that another vehicle operated by Bruce Treece may have caused, or may have contributed in causing, the accident. This latter fact (along with the fact that Treece’s insured status was unknown) was disclosed to Travelers during its settlement negotiations with Mrs. Scott’s lawyer.
When settlement negotiations broke down, Mrs. Scott filed a wrongful death action on August 22, 1978, against Riddle, Treece, and Travelers. On September 18, Travelers offered Mrs. Scott full benefits of $10,000 on condition that she dismiss Travelers as a party defendant and that she agree to reimburse the insurer to the extent of such payment from any recovery from the uninsured motorist.
On September 22, 1978, Mrs. Scott executed a “Trust Agreement-Guardian” form furnished by Travelers, which reads in pertinent part:
“[T]hat I, Mary E. Scott as guardian of Timothy W. Scott, a minor, . . .acknowledge receipt of the sum of ten thousand dollars . . . paid by The Travelers ... in full settlement of all claims for . death, sustained by Timothy W. Scott . for which I claim the . . . operator of an uninsured automobile, bearing License Number ANG32639 (AL), is legally liable.
“FURTHER, I agree ... to take . such action as may be necessary to recover from the . operator ... of such uninsured automobile, the damages resulting from such . . . death; and [I] further agree to hold any monies received as the result of settlement or judgment in trust for the Company, to be paid to the Company immediately upon the same coming into my hands; provided, however, that any sum received in excess of the amount paid by the Company shall be retained by me as guardian.”
Thereupon, in keeping with a verbal understanding between contracting parties, Mrs. Scott also dismissed Travelers as a party Defendant in the pending action without Travelers’ having made an appearance therein.
On July 11, 1979, Travelers filed its motion to intervene as a party Plaintiff (followed by its “Intervenor Complaint”) in the wrongful death action then pending against Riddle and Treece. Travelers’ motion alleges, inter alia, that it “has now been informed and believes that one of the above-named Defendants, namely, Bruce Treece, is covered by automobile liability insurance and if a judgment in this action should be rendered against him, the Travelers Insurance Company is entitled to recover the *1264 sum of Ten Thousand ($10,000.00) Dollars from Mary E. Scott for money paid and received in good faith but by mistake, and is further entitled to intervene herein in order to assert said claim against the said Mary E. Scott.”
The effect of the trial Court’s order is to grant the motion as to the defendant Riddle and to deny the motion as to the Defendant Treece. We hold the action of the trial Court proper and correct; thus, the Petition for Writ of Mandamus is denied.
The only ground asserted on behalf of Travelers’ motion to intervene as to the Defendant Treece is “mistake.” By the assertion of this ground, Petitioner is saying that had it known, at the time of its payment to Mrs. Scott, that Treece was insured, it would have 1) made such payment on other and different conditions or 2) declined to make any payments under the uninsured motorist provisions of its policy insuring Mrs. Scott’s deceased minor son.
It is undisputed that Travelers prepared the “Trust Agreement” which Mrs. Scott executed and which obligated her to reimburse Travelers from any recovery from only the uninsured motorist Riddle (whose vehicle was specifically described by its license number). Moreover, both its preparation and execution came at a time when Travelers knew, or should have known, every fact known to Mrs. Scott and her lawyer related to the insured status of Treece. Indeed, Travelers makes no claim of misrepresentation of fact, or suppression of fact, in this regard.
We hold, therefore, because of Petitioner’s voluntary election, as set out above, it fails to demonstrate that it is entitled to a clear right of relief. Martin v. Loeb & Co., Inc., 349 So.2d 9 (Ala.1977). (For an excellent treatise on legal mistake, with citation of authorities, see Dobbs, Handbook on the Law of Remedies, § 11.2 at 718ff. (1973).)
WRIT DENIED.
TORBERT, C. J., and MADDOX, SHORES and BEATTY, JJ., concur.