MADDOX, Justice.
This is a petition for writ of mandamus to compel the trial judge to tax the costs against the losing party in a prior appeal. Blue Cross and Blue Shield of Alabama v. Granger, 461 So.2d 1320 (Ala.1984).
On that appeal, this Court reversed a judgment in the sum of $500,000 awarded to plaintiff/appellee Roy W. Granger, Jr. against defendant/appellant Blue Cross *1046 based on the tort of bad faith failure to pay an insurance claim. In its opinion, this Court discussed at length the underlying facts of the case, and concluded that Gran-ger had not established a case of bad faith and that Blue Cross should have been awarded a directed verdict.
On remand, Blue Cross filed a motion for recovery of costs with the Circuit Court of Tallapoosa County, seeking an order awarding it the reasonable costs of producing the necessary copies of the reporter’s transcript of the trial proceedings. As a part of this motion, counsel for Blue Cross verified that the invoice from the court reporter in the amount of $2,342.00 accurately represented the costs incurred in obtaining necessary copies of the reporter’s transcript. On January 14, 1985, the Circuit Court of Tallapoosa County received a certificate of judgment of reversal from this Court in that case. This certificate stated that the judgment of the Tallapoosa Circuit Court had been reversed and that “the cost of appeal [shall] be taxed against the appellee(s) as provided by Rule 35, Alabama Rules of Appellate Procedure.”
On January 15, 1985, Circuit Judge Dale Segrest of Tallapoosa County issued an order stating that the court had received the certificate of judgment of reversal from this Court and therefore would set a disposition hearing for January 22, 1985, at which time any and all pending motions would be considered. The order also stated: “This Court takes note of defendant’s Motion for Recovery of Costs and points out that the Certificate of Judgment of Reversal issued by the Supreme Court of Alabama taxes the costs of the appeal against the appellees.” Thereafter, however, the circuit judge issued a subsequent order in which he denied Blue Cross’s motion for recovery of costs. No reason was stated in this subsequent order as to why Blue Cross’s motion was denied.
Granger contends that the taxing of costs is discretionary under the provisions of Rule 35, Ala.R.App.P., and that, in the instant case, no abuse of discretion is shown. Assuming that discretionary authority exists, Granger then attempts to show why the trial court did not abuse its discretion in denying the taxation of costs. Initially, Granger quotes from this Court’s opinion in an attempt to show that he was greatly harmed in this case. Granger then states:
“Now in spite of such treatment Blue Cross having dodged the bullet has the gaul [sic] to file the instant petition seeking to saddle Mr. Granger with the costs of a lawsuit for which they are undeniably responsible.”
While we can understand that plaintiff/ap-pellee feels that he has been wronged, this Court held that Blue Cross had not violated its contractual obligation to Granger.
Under Alabama law, if this Court reverses a trial court’s judgment and awards costs to the appellant, the trial judge has no discretion in awarding costs, but, rather, must grant the appellant those costs of appeal that the appellant properly incurred. Rule 35(a) of the Alabama Rules of Appellate Procedure states:
“Against whom taxed. Except as otherwise provided by law if an appeal is dismissed, costs shall be taxed against the appellant unless otherwise agreed by the parties or ordered by the court; if a judgment is affirmed, costs shall be taxed against the appellant unless otherwise ordered; if a judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered; if a judgment is affirmed or reversed in part, or is vacated, costs shall be taxed only as ordered by the court.”
In Martin v. Loeb & Co., 349 So.2d 9, 10 (Ala.1977), this Court discussed the rule and opined:
“Costs of an appeal, both in this Court and in the lower courts, become payable when a judgment is rendered and no application for rehearing is filed or an application has been denied. A judgment of this Court, ordering a party to pay the cost of appeal, is final.... Thus, unless this Court orders otherwise, when a judgment is reversed, costs shall be *1047 taxed against the appellee. Ala.R.Civ.P. Rule 35(a).”
It is equally clear that the cost of producing the necessary copies of the reporter’s transcript is a cost of appeal that is taxable in the trial court. Rule 35(c) of the Alabama Rules of Appellate Procedure states: “The cost of producing the necessary copies of the clerk’s record and the reporter’s transcript shall be taxable in the trial court.” This Court has noted on several occasions that the transcript of the evidence at the trial level is a necessary part of the appellant’s appeal. Martin v. Loeb & Co., 349 So.2d 9, 10 (Ala.1977); Ex parte General Mutual Insurance Co., 285 Ala. 445, 448, 233 So.2d 230 (1970).
The cause is properly before us procedurally. A petition for writ of mandamus may be granted where the trial court refuses to issue an order requiring the losing party to pay the costs incurred by the prevailing party in producing the reporter’s transcript. As noted by the court in Martin v. Loeb & Co., 349 So.2d 9, 10 (Ala.1977):
“To grant an individual a writ of mandamus, there must be (a) a clear legal right in petitioner to the order sought, (b) an imperative duty upon the respondent to perform accompanied by a refusal to do so, (c) a lack of another adequate remedy, and (d) the jurisdiction of the court must be properly invoked.”
In that case, the appellant had filed a petition for writ of mandamus with this Court, seeking to compel the trial judge to tax the costs of appeal, including the cost of the reporter’s transcript, against the losing party. In granting this petition, this Court noted:
“Not only did [appellant] file a motion requesting the taxing of costs but the' motion was accompanied by an affidavit of the court clerk setting forth the amount paid as well as the reasonableness thereof. Thus, the petitioner had done everything in its power legally to secure payment of costs by [appellee] without success. Its only remaining remedy was to seek mandamus from this Court.”

Id.

Blue Cross adhered to the procedure set forth in Martin. On the original appeal, this Court reversed, in its entirety, the judgment rendered against Blue Cross in the trial court and issued an order stating that the costs of appeal in the action were to be taxed against the plaintiff/appellee, Granger.
In addition, Blue Cross filed a motion requesting the taxing of the costs of the reporter’s transcript and had verified that these costs were reasonably incurred in the appeal of this action. We must conclude that petitioner has presented a clear legal right to the recovery of these costs and is entitled to relief. Unless an order taxing to Granger the costs of the proceedings and transcript is entered within 14 days after receipt of this opinion by the circuit judge, a peremptory writ of mandamus will be awarded.
PEREMPTORY WRIT CONDITIONALLY GRANTED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.