The issues presented for review are: (1) whether the certificates of judgment, properly recorded in the probate office of the county, were renewed in accordance with law, and (2) whether the certificates of judgment satisfied the requirements of Ala. Code 1975, § 6-9-210, so as to constitute a lien on property under the provisions of § 6-9-211.
Truman Hicks, H.K. Scott, J.E. Hammonds, Ronald J. Williams, and Herman Hales recovered judgments against Philip and Dorothy Hales on June 8, 1978, in the Circuit Court of DeKalb County.[1] The certificates *Page 1059 
of judgment were recorded on July 12, 1978. On September 26, 1978, a deed dated March 28, 1971, was recorded in the probate office; that deed purported to convey 80 acres of real property from Philip and Dorothy Hales to Ira and Dora Hairston. H.K. Scott, Ronald J. Williams, and David Hammonds[2] filed a complaint on January 28, 1988, seeking to set aside the conveyance to the Hairstons and to enforce a judgment lien by a sheriff's sale of the property.
The complaint alleged that the property was transferred with the intent to hinder, delay, or defraud creditors and was therefore void pursuant to Ala. Code 1975, § 8-9-6. The complaint was later amended to add a count under the recordation statute, Ala. Code 1975, § 35-4-90. The plaintiffs filed a motion for summary judgment. The court held a hearing on the motion in October 1988; the defendants did not respond to the motion and at that time had not answered the complaint.
In May 1989 the defendants answered the complaint, alleging that the certificates of judgment did not contain the information required by Ala. Code 1975, § 6-9-210, in order to constitute a lien against any property. They argued that the judgments were defective and could not constitute a lien on the Haleses' property because (1) they failed to state the amount of court costs assessed against the Haleses; (2) they failed to state the Haleses' address; and (3) 10 years had expired from the date of the judgment, and, in essence, the court was being asked to execute on judgments that had not been properly revived. The defendants further alleged that the plaintiffs' judgments had been paid in full. The plaintiffs filed a lis pendens notice in the present case on October 10, 1989.
On January 8, 1990, the trial court granted the plaintiffs' motion for summary judgment, thereby entitling them to enforce a lien that they contended had been created by the filing of the certificates of judgment. However, in April 1990, in response to the defendants' motion for judgment notwithstanding the verdict, for new trial, and for reconsideration, the court vacated its previous order and entered judgment in favor of the defendants.
The court stated its reasoning for vacating its previous order as follows:
 "Section 6-9-211, Code of Alabama (1975), provides that every judgment, a certificate for which is properly filed, shall be a lien and such lien shall continue for 10 years after the date of such judgment, and further provides that if an action to enforce the lien is not completed within the 10 years, the filing of a lis pendens notice at the time the action is begun will extend the lien as if the 10-year period has not expired.
 "In this case, the judgments on which the liens are based were entered on June 8, 1978. The certificates of judgment were recorded July 12, 1978. This action to enforce the liens was filed January 28, 1988. A lis pendens notice was first filed March 3, 1989. This sequence of events shows that the notice of lis pendens, the mechanism for keeping the lien alive for more than 10 years, was not filed until after June 8, 1988, the date on which the lien otherwise expired.
 "The cases are clear that the statutory requirements creating and preserving a judgment lien must be strictly construed. It follows that the lien asserted by plaintiffs no longer exists and is not subject to enforcement."
On appeal, the plaintiffs argue that the trial court erred in declaring that the certificates of judgment did not constitute a lien on the Haleses' property. We agree with their argument and reverse the judgment of the circuit court.
Section 6-9-210 provides:
 "The owner of any judgment entered in any court of this state or of the United *Page 1060 
States held in this state may file in the office of the judge of probate of any county of this state a certificate of the clerk or register of the court by which the judgment was entered, which certificate shall show the style of the court which entered the judgment, the amount and date thereof, the amount of costs, the names of all parties thereto and the name of the plaintiff's attorney and shall be registered by the judge of probate in a book to be kept by him for that purpose, which said register shall also show the date of the filing of the judgment. Said judge shall make a proper index to said book, which shall also show under the proper letter or letters of the alphabet the names of each and every defendant to said judgment, and such judgments shall be recorded in chronological order of the filing of such judgments. Such certificate shall also show the address of each defendant or respondent, as shown in the court proceedings."
The certificates of judgment prepared by the register of the Circuit Court of DeKalb County did not show the address of the Haleses, nor did they show the amount of court costs assessed against the Haleses in the judgment. The second order entered by the trial court did not address these issues, but found that the "notice of lis pendens, the mechanism for keeping the lien alive for more than 10 years, was not filed until after June 8, 1988, the date on which the lien otherwise expired." Consequently, we will first address the issue of whether the requirements of the lis pendens statute, § 6-9-211, have been observed.
Section 6-9-211 provides:
 "Every judgment, a certificate of which has been filed as provided in section 6-9-210, shall be a lien in the county where filed on all property of the defendant which is subject to levy and sale under execution, and such lien shall continue for 10 years after the date of such judgment; provided, that when an action or other proceeding to enforce or foreclose said lien is instituted or begun within said 10 years, but has not been completed, decided or determined within said 10-year period, and at the time said action or proceeding is instituted or begun, or lien claimed therein, a lis pendens notice thereof is filed in the office of the judge of probate of the county in which said property is situated, the lien provided for in this section shall continue as to the property upon which said lien is claimed in said action or proceeding and may be enforced or foreclosed in that action as if said 10-year period had not elapsed. . . . The filing of said certificate of judgment, as provided in section 6-9-210, shall be notice to all persons of the existence of the lien thereby created."
Many cases can be cited for the proposition that §§ 6-9-210
and 6-9-211 are "in derogation of the common law and [are] to be strictly construed." Ball v. Vogtner, 362 So.2d 894
(Ala. 1978); Duncan v. Autauga Banking Trust Co., 223 Ala. 434,136 So. 733 (1931). However, this Court has often noted that the statutory requirements must be viewed in relation to the purpose of those requirements. See, e.g., Bowman v.Southtrust Bank of Mobile, 551 So.2d 984 (Ala. 1989); Bank ofAnniston v. Farmers Merchants State Bank, 507 So.2d 927
(Ala. 1987). The sole purpose of a lis pendens notice is to afford notice to a bona fide purchaser who might purchase the property during the pendency of the action. Batson v.Etheridge, 239 Ala. 535, 195 So. 873 (1940).
Admittedly, in this case no lis pendens notice was filed prior to the date the lien would otherwise expire in order to keep the lien alive; however, this is not determinative, because from the facts placed in evidence it appears that the Hairstons had actual notice of the pending action to enforce the lien. The Hairstons, parties in this action, were served with complaints in this action in February 1988. Consequently, because they had actual notice of the action, noncompliance with the lis pendens statute would be irrelevant. See FirstAlabama Bank of Tuscaloosa v. Brooker, 418 So.2d 851
(Ala. 1982). In Brooker, this Court said, " 'If . . . there was actual notice, it is immaterial whether the statutory notice was given or not given.' " *Page 1061 418 So.2d at 854 (quoting Lee v. Macon County Bank, 233 Ala. 522,172 So. 662 (1937)).
The defendants had actual notice of the action by virtue of their receipt of the complaint in this action; that actual notice makes the plaintiffs' noncompliance with the lis pendens statute inconsequential. Brooker.
Furthermore, we hold that the certificates of judgment were sufficient under § 6-9-210 to constitute a lien on the Haleses' property. Although the Haleses' address did not appear in the certificates, we hold that, under the principles announced inBank of Anniston and Bowman, this omission was not fatal. The certificates show that the judgment was entered on June 8, 1978, and they specify the dollar amount. They also show that H.K. Scott and others were the plaintiffs in whose favor the judgment was entered and that the Haleses were the defendants.
However, it cannot be said that the certificates of judgment were sufficient under § 6-9-210 to constitute a lien on the Haleses' property for the amount of court costs assessed in the circuit court. That amount was not set out in the certificates of judgment. We adhere to the views expressed in Miles v. Gay,280 Ala. 131, 190 So.2d 686 (1966), and Morris v. Waldrop,213 Ala. 435, 105 So. 172 (1925), that a statement of the amount of court costs assessed against a judgment debtor is a material requirement of the statute, because such a statement is necessary to provide notice of the amount of the lien. However, in accordance with the rationale set forth in Bowman and Bankof Anniston, we do not view the omission of a statement of this amount as precluding the creation of a lien in the plaintiffs' favor for the amount of each respective judgment stated.
A motion for summary judgment may be granted only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. The uncontroverted evidence in this case shows that the defendants were not entitled to a judgment as a matter of law. As expressed by this Court in Bowman, "[t]o hold otherwise would be a triumph of form over substance." 507 So.2d at 930.
For the foregoing reasons, the summary judgment is reversed and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES and KENNEDY, JJ., concur.
HOUSTON, J., concurs specially.
[1] Truman Hicks, H.K. Scott, J.E. Hammonds, Ronald J. Williams, and Herman Hales each recovered a judgment against Philip and Dorothy Hales in the following amounts:
(a) J.E. Hammonds $650,426.98
(b) H.K. Scott $746,276.26
(c) Ronald Williams $ 60,216.36
(d) Truman Hicks $620,039.73
(e) Herman Hales $121,225.77
[2] David Hammonds is the personal representative of the estate of J.E. Hammonds, deceased.