HOUSTON, Justice.
This is not the first time that these parties have been before this Court. See Scott v. Hales, 575 So.2d 1058 (Ala.1991), for a complete statement of the pertinent facts and circumstances surrounding this case. On the 1991 appeal we held that the certificates of judgment filed by the plaintiffs (H.K. Scott, Ronald J. Williams, and David Hammonds) in the probate court were sufficient under Ala.Code 1975, § 6-9-210, to create liens on the property in question and that the plaintiffs’ failure to file lis pendens notices in the probate court within 10 years of the date of their judgments, in accordance with § 6-9-211, did not cause their liens to expire, because the defendants (the Haleses and the Hairstons, to whom the Haleses conveyed their property) had actual knowledge of the pendency of the plaintiffs’ suit to enforce the liens filed within 10 years of the date of the judgments. After carefully reviewing the defendants’ brief, therefore, we conclude that the dispositive issue on the present appeal is whether the defendants were entitled to a jury trial. We hold that they were not.
Because the Haleses conveyed their property to the Hairstons before the plaintiffs recorded their certificates of judgment and, thus, before the plaintiffs’ liens could attach, the plaintiffs relied on Ala.Code 1975, § 35-4-90, to set the conveyance aside. The trial court initially ruled in favor of the plaintiffs, but later vacated its judgment on motion of the defendants and entered a judgment in favor of the defendants, holding that the plaintiffs’ liens had expired. It was that judgment that this Court reversed on the first appeal. After this Court remanded the case, the trial court entered a judgment for the plaintiffs based on its initial finding that the conveyance was void as to the plaintiffs and, therefore, that the property was subject to execution and sale by the sheriff. The defendants’ argument, as we understand it, is that under both the Constitution of the United States and the Constitution of the State of Alabama they were entitled to a jury trial on the issues of whether the plaintiffs’ liens had expired and whether the judgments had been paid. The undisputed facts show, however, that the plaintiffs’ judgment liens did not expire as a result of the plaintiffs’ failure to timely file lis pendens notices; this, as previously noted, formed the basis of our holding in Scott v. Hales, supra, that, as a matter of law, the liens were still in effect. Furthermore, the record shows that the defendants took the position at trial that the issue of payment was immaterial. The following colloquy from the trial transcript indicates that the defendants effectively waived any right to a jury trial on this issue that they may have had:[1]
*985 “Q. [Plaintiffs attorney] I will ask you if that judgment has been paid.
“[Defendants’ attorney]: We object to that. It’s irrelevant, incompetent, and immaterial. The judgment is void. It’s final. It hasn’t been revived, and whether or not it’s paid is immaterial.
“[Plaintiffs’ attorney]: Judge, that’s one of the issues he raised in his pleading. If he says payment is immaterial, I will not go into it.
“[Defendants’ attorney]: I’m just saying it’s void, and if it’s void, it doesn’t make any difference. There’s nothing there.
“THE COURT: That may be an issue that has merit, but I don’t think I’m in the position to rule on that at this time; so, I’m going to allow that testimony.”
Based on the foregoing, the judgment is affirmed.
MOTION TO DISMISS DENIED; AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.

. We note that Ala.Code 1975, § 6-9-180, provides for a jury trial of factual issues raised on “motion or application ... to enter satisfaction of a judgment.”