INGRAM, Justice.
This is the second time this case has been before this Court. In Smith v. Player, 601 So.2d 946 (Ala.1992) (Smith I), we reversed the trial court’s judgment and remanded the case. We held that the deed in question should be reformed into a mortgage. For a complete history of the case, see Smith I. Included within our certificate of judgment, we ordered that “the costs of appeal be taxed against the appellee(s) [Player] as provided by Rule 35, Alabama' Rules of Appellate Procedure.”
On remand, and in accordance with this Court’s opinion, the trial court reformed the deed from Henry Smith to Matthew Player into a mortgage. Additionally, the trial court established an equitable mortgage in favor of the intervenors (Player’s assignees) and against Henry Smith. It held that the inter-venors were to receive the benefits inuring as a result of the mortgage. Smith was ordered to pay to the intervenors the sum of $2,733.59, plus interest at the rate of six percent per annum, with accrual of the interest beginning on July 24,' 1986.[1]
Smith raises three arguments on appeal. First, he contends that the trial court erred in awarding interest past January 1987. He contends that any amount of money due from Smith to Player (and now to the intervenors as Player’s assignees) was fixed as of January 1987, because he says that he offered to *401 pay Player at that time, but that Player refused to accept the “lawful tender.”
We find no merit in this argument. The record reveals that Smith and Player agreed that Player would pay the foreclosure debt ($2,733.59) to the credit union on behalf of Smith and that Smith would pay Player back at the first of the year (1987). The record further reveals that sometime in late December 1986 or in January 1987, Smith went to see Player concerning the debt. However, Smith did not attempt to pay off the loan in full, as he had agreed to do. Rather, Smith offered only to start making payments on the loan. Therefore, the trial court could have properly found that Smith made no lawful tender of the amount due on the mortgage debt.
Next, Smith argues that the trial court erred by not taxing the costs of appeal to Player. We disagree. When this Court reversed a trial court’s judgment and awards costs to the appellant, the trial court has no discretion in awarding costs. Ex Parte Blue Cross & Blue Shield of Alabama, 473 So.2d 1045 (Ala.1985). The trial court must award the appellant those costs of appeal that the appellant properly incurred. Rule 35(a), A.R.App.P.
Clearly, the docket fee is a cost of appeal and the appellant (as the winner on appeal) would be entitled to be reimbursed for this cost. Here, however, Smith paid no docket fee when he appealed to this Court. Rather, he was allowed to appeal in forma pauperis, without prepayment of costs or fees. Therefore, Smith did not incur such costs and was not entitled to any “reimbursement.”
It is also settled that the cost of producing the necessary copies of the clerk’s record and the reporter’s transcript is a cost of appeal that is taxable in the trial court. Rule 35(c), A.R.App.P. However, if Smith wanted to be reimbursed for any of these costs that he says he incurred, then under Rule 35(e) he was required to “state them in an itemized and verified bill of costs, which he shall file with the clerk, with proof of service, within 14 days (2 weeks) after the rendering of the opinion or a ruling on application for rehearing.” The record contains no such itemized and verified bill of costs submitted by Smith.
We will not consider Smith’s final argument, because it fails to comply with A.R.App.P., Rule 28. While he does invite this Court to “see” a particular case, the case cited does not in any way support his proposition.
The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.

. This was the date of the deed given by Smith to Player in exchange for Player’s "paying off” the credit union mortgage on the property in the amount of $2,733.59.