YATES, Judge.
G. Frank Smyth, Elizabeth W. Smyth, and P & T Investments, Inc., jointly owned certain real property in Baldwin County. In April 1993, the Smyths sued P & T and numerous other defendants, who, as judgment creditors, claimed some right in the undivided interest in the property owned by P & T. The Smyths asked the trial court to order that the property be sold and the proceeds distributed. The trial court ordered the sale of the property; the Smyths received approximately one-half of the proceeds and the court held the remaining proceeds to determine whether AmSouth Bank, N.A., or Joseph F. Bisehoff, judgment creditors of P & T, was entitled to the proceeds.
AmSouth moved for a summary judgment, claiming that it was the only judgment creditor holding a perfected lien and that it, therefore, was entitled to the proceeds. Bisehoff answered with the argument that because he had initially recorded his judgment before AmSouth had recorded its judgment, he was entitled to the proceeds. After an ore tenus hearing, the trial court entered a summary judgment in favor of Bisehoff. AmSouth appeals, contending that its judgment lien on *1103 the property in question had priority over Bisehoffs judgment hen, which, according to AmSouth, Bischoff had failed to revive before the running of the 10-year period provided in § 6-9-211, Ala.Code 1975.
An appellate court reviewing a summary judgment applies the same standard that the trial court applies when ruling on a summary judgment motion. McLemore v. Fleming, 632 So.2d 482, 483 (Ala.Civ.App.1993). Our supreme court has stated,
“[W]e must determine whether there was a genuine issue of material fact and, if not, whether the movant was entitled to a judgment as a matter of law. Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and resolve all reasonable doubts against the movant.”
Howard v. Wolff Broadcasting Corp., 611 So.2d 307, 309 (Ala.1992), cert. denied, 507 U.S. 1031, 113 S.Ct. 1849, 123 L.Ed.2d 473 (1993).
Section 6-9-211, Ala.Code 1975, states, in pertinent part:
“Every judgment, a certificate of which has been filed as provided in Section 6-9-210, shall be a lien in the county where filed on all property of the defendant which is subject to levy and sale under execution, and such hen shall continue for 10 years after the date of such judgment; provided, that when an action or other proceeding to enforce or foreclose said hen is instituted or begun within said 10 years, but has not been completed, decided, or determined within said 10-year period, and at the time said action or proceeding is instituted or begun, or hen claimed therein, a hs pen-dens notice thereof is filed in the office of the judge of probate of the county in which said property is situated, the hen provided for in this section shall continue as to the property upon which said hen is claimed in said action or proceeding and may be enforced or foreclosed in that action as if said 10-year period had not elapsed.... The filing of said certificate of judgment ... shall be notice to all persons of the existence of the hen thereby created.”
Section 6-9-192, Ala.Code 1975, provides: “No execution shall issue on a judgment ... on which an execution has not been sued out within 10 years of its entry until the same has been revived by appropriate motion or action under the Alabama Rules of Civil Procedure.”
On January 12, 1982, Bischoff obtained a $10,083.53 judgment, plus costs, against P & T and Robert Smith and Patricia Smith;[1] the judgment was recorded on January 13, 1982. On February 3,1987, Bischoff issued a process of garnishment against funds that Patricia Smith was to inherit. Bischoff did not file a hs pendens notice with the probate court. In November 1987, Bischoff received $9,532.84 through the garnishment. He testified by affidavit that as of August 2, 1994, “the balance remaining on this judgment has not been satisfied and continues to accrue interest.” However, Bischoff did not revive the judgment within 10 years of the date of judgment.
On September 6, 1983, State Bank of the Gulf, subsequently acquired by AmSouth through merger, obtained a $65,022.70 judgment, plus costs, against P & T and Robert Smith and Patricia Smith; the judgment was recorded on June 6, 1984. AmSouth moved to have the judgment revived, and on September 2, 1993, the trial court revived the judgment in favor of AmSouth, as successor in interest to State Bank. AmSouth properly revived its judgment lien within the 10-year period after the date of judgment.
The trial court’s order entering a summary judgment in favor of Bischoff stated:
“Summary judgment granted in favor of Joe Bischoff and against AmSouth on the basis that the execution on the judgment on February 3, 1987, within the 10 year statutory period provided in Alabama Code Section 6-9-210, rebuts the presumption of satisfaction of the lien. Where the law provides for a ‘conclusive presumption’ as here equity and law must provide wide latitude in rebuttal. Diligence in the filing *1104 and execution on the judgment are shown by Mr. Bischoff.”[2]
AmSouth contends that Bischoff did not comply with § 6-9-211, because he did not file a lis pendens notice with the probate judge when he instituted a process of garnishment to enforce his lien on the property of Patricia Smith. We agree.
In Scott v. Hales, 575 So.2d 1058 (Ala.1991), judgment creditors had filed a complaint alleging that debtors had conveyed property to purchasers with intent to hinder, delay, or defraud the creditors. Our Supreme Court held that the creditor’s filing of a complaint, before the date the lien would otherwise expire, constituted actual notice to the purchasers of a pending action to enforce the lien, and, therefore, that failure to file a lis pendens notice before the expiration of the 10-year period was not determinative. In the present case, however, there is no indication that AmSouth received actual notice that Bischoff had instituted garnishment proceedings. Therefore, in keeping with the requirements of § 6-9-211, Ala.Code 1975, Bischoffs failure to file a lis pendens notice in the probate office within 10 years of the date of the judgment caused his lien to expire. Section 6-9-211, Ala.Code 1975, is in derogation of the common law and is to be strictly construed. Scott, supra.
Bischoffs failure to file a lis pendens notice within 10 years of the date of judgment, and his failure to revive the judgment within 10 years, compel this court to conclude that AmSouth’s judgment lien had priority over Bischoffs hen. We, therefore, reverse the judgment of the trial court and remand the case for the entry of an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE and CRAWLEY, JJ., concur.
THIGPEN, J., dissents.

. The Smiths were the grantors of P & T’s one-half interest in the property at issue in this case.

. Section 6-9-191, Ala.Code 1975, provides: "IC 10 years have elapsed from the entry of judgment without issue of execution ... the judgment must be presumed satisfied, and the burden of proving it not satisfied is upon the plaintiff.”