THIGPEN, Judge,
dissenting.
Because I believe that Bischoffs garnishment proceeding constituted an execution on the judgment, and that Bischoff was not required to file a lis pendens notice within 10 years of the entry of the judgment, I must respectfully dissent.
According to Ala.Code 1975, § 6-9-191, “[i]f 10 years have elapsed from the entry of the judgment without issue of execution or if 10 years have elapsed since the date of the last execution issued, the judgment must be presumed satisfied_” (Emphasis added.) Since 10 years had not elapsed since Bischoff initiated garnishment proceedings in February 1987, I conclude there was no presumption that the judgment had been satisfied.
Bischoff argues that “AmSouth Bank was always on notice of the existence of [his] judgment lien, its priority and the fact that it attached to the property in question.” (Emphasis in original.) Bischoff also states that his effort to collect the judgment was a matter of public record, and that AmSouth, which did a search through some of the records, should have been on notice of the existence of the judgment lien in his favor.
Our Supreme Court, in Scott v. Hales, 575 So.2d 1058 (Ala.1991), held that a party’s failure to file a lis pendens notice, pursuant to Ala.Code 1975, § 6-9-211, did not preclude enforcement of a lien where the other party had actual notice of the pending action to enforce the judgment lien. Justice Maddox, writing for the majority, also stated that “[t]he sole purpose of a lis pendens notice is to afford notice to a bona fide purchaser who might purchase the property during the pen-dency of the action.” Scott, 575 So.2d at 1060. (Emphasis added.)
In this case, AmSouth is clearly not a bona fide purchaser. Rather, the trial court merely determined the priority of a lien between two judgment creditors. Therefore, I would affirm the trial court’s entry of a summary judgment in favor of Bischoff.