COOK, Justice.
This is the second appeal involving these parties.
The United Methodist Church and other church-affiliated institutions related to the control of a local United Methodist congregation in Haney’s Chapel filed a declaratory-judgment action, seeking to quiet title to the church property after the local congregation had voted to withdraw from the North Alabama Conference of the United Methodist Church. The defendants were Haney’s Chapel United Methodist Church and representative members of that congregation.
The trial court held that the United Methodist Church, not the local congregation, was the equitable owner of the property. On appeal, this Court held that the church property had been deeded to trustees of the local church and their successors, and we reversed the judgment and remanded the cause “with instructions for the trial court to enter an order consistent with this opinion.” Haney’s Chapel United, Methodist Church v. United Methodist Church, 716 So.2d 1156 (Ala.1998). This Court overruled an application for rehearing on June 19, 1998. The certificate of judgment, issued by this Court on July 10, 1998, ordered “that the costs of appeal be taxed against the appellee(s) as provided by Rule 35, Alabama Rules of Appellate Procedure.”
On remand, the defendants petitioned the trial court for taxation of costs against the plaintiffs. The petition, filed July 16, 1998, asked that the plaintiffs be ordered *627 to repay the defendants $900.00 for the cost of the reporter’s transcript and $133.75 paid for the required second copy of the clerk’s record on appeal.[1] An amended petition, filed on August 13, 1998, stated that the cost of the clerk’s record on appeal, $316.50, had never been paid and asked that this be “taxed against the plaintiffs.” [2] The amended petition also stated that the defendants “had to pay to the Supreme Court of Alabama the sum of $100.00 in order to perfect the appeal” and that “[i]t appears that the Supreme Court has taxed that to the plaintiffs, but defendants need a judgment for same by [the trial court] for collection purposes.”
On September 2, 1998, the trial court entered an order stating that, “pursuant to Rule 35(c), Ala. R.App. P., the defendants’ motion for taxation of the costs and expenses of preparation for appeal is denied.” On September 18, 1998, the trial court entered a final judgment on remand, declaring that title to the subject property was vested in the defendants.
The defendants have appealed from the trial court’s judgment on remand, contending that the trial court erred in refusing to tax the costs of the appeal to the plaintiffs. The defendants argue that in denying the petitions for taxation of costs the trial court refused to do what it was specifically ordered to do by this Court.
Rule 35, Ala. R.App. P., reads:
“(a) Against Whom Taxed. ... [I]f a judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered....
[[Image here]]
“(c) Costs of Copies of Record. The costs of producing the necessary copies of the clerk’s record and the reporter’s transcript shall be taxable in the trial court. A party who desires such costs to be taxed shall state them in an itemized and verified bill of costs, which the party shall file with the clerk, with proof of service, within 14 days (2 weeks) after the rendering of the opinion or a ruling on application for rehearing. The costs of reproducing an extra copy of the record on appeal shall not be taxed as costs of appeal.
“(d) Clerks to Insert Costs in Certificate of Judgment. The clerk shall prepare and certify an itemized statement of costs taxed in the appellate court for insertion in the certificate of judgment. If the certificate of judgment has been issued before final determination of costs, the statement, or any amendment thereof, may be added to the certificate of judgment at any time upon request of the clerk of the appellate court by a party.”
The plaintiffs argue that the defendants did not comply with the requirements of Rule 35(c) and, therefore, are not entitled to the otherwise recoverable costs. In support of their argument, the plaintiffs cite Smith v. Player, 601 So.2d 946 (Ala.1992) (“Smith I”), and Smith v. Player, 630 So.2d 400 (Ala.1993) (“Smith II”). In Smith I, we reversed a judgment for the appellee, Player, and issued a certificate of judgment ordering that “the costs of appeal be taxed against [Player] as provided by Rule 35, Alabama Rules of Appellate Procedure.” (The certificate of judgment in Smith I quoted in Smith II, 630 So.2d at 400.) Following our remand in Smith I, the circuit court entered another judgment. Smith appealed from that judgment on remand, arguing, in part, that the trial court erred in not taxing the costs of the appeal to Player, as this Court’s certificate of judgment in Smith I had required. We held in Smith II:
“When this Court reverse[s] a trial court’s judgment and awards costs to *628 the appellant, the trial court has no discretion in awarding costs. Ex parte Blue Cross & Blue Shield of Alabama, 473 So.2d 1045 (Ala.1985). The trial court must award the appellant those eosts of appeal that the appellant properly incurred. Rule 35(a), [Ala.] R.App. P.
“Clearly, the docket fee is a cost of appeal and the appellant (as the winner on appeal) would be entitled to be reimbursed for this cost. Here, however, Smith paid no docket fee when he appealed to this Court. Rather, he was allowed to appeal in forma pauperis, without prepayment of costs or fees. Therefore, Smith did not incur such costs and was not entitled to any ‘reimbursement.’
“It is also settled that the cost of producing the necessary copies of the clerk’s record and the reporter’s transcript is a cost of appeal that is taxable in the trial court. Rule 35(c), [Ala.] R.App. P. However, if Smith wanted to be reimbursed for any of these costs that he says he incurred, then under Rule 35(c) he was required to ‘state them in an itemized and verified bill of costs, which he shall file with the clerk, with proof of service, within 14 days (2 weeks) after the rendering of the opinion or a ruling on application for rehearing.’ The record contains no such itemized and verified bill of costs submitted by Smith.”
630 So.2d at 401.[3]
The plaintiffs point out that the defendants’ filed their original petition for taxation of costs on July 16,1998, 27 days after this Court had overruled the application for rehearing, and that they amended the petition on August 13, 1998. Thus, argue the plaintiffs, the trial court correctly denied the petitions for taxation of costs, based on the defendants’ failure to comply with Rule 35(c).
It is clear that the defendants’ petition for taxation of costs was filed out of time; thus, they are precluded from recovering the costs they incurred in preparing their appeal. While the filing fee charged in the appellate court is a “cost of appeal” (Smith II), it is not a cost contemplated by Rule 35(c); therefore, the 14-day limitation imposed by Rule 35(c) for filing “an itemized and verified bill of costs” does not apply to the filing fee. Thus, the defendants are entitled to have the cost of the filing fee taxed against the plaintiffs.
We affirm that portion of the trial court’s judgment denying the defendants’ petition for taxation of those costs that are barred by the provisions of Rule 35(c). However, we reverse that portion of the judgment denying the defendants’ petition to have • the cost of the appellate-court filing fee taxed to the plaintiffs, and we remand the cause for the entry of a judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART;. AND REMANDED WITH INSTRUCTIONS.
HOOPER, C.J., and HOUSTON, SEE, LYONS, BROWN, and JOHNSTONE, JJ., concur.
MADDOX, J., concurs in the result in part and dissents in part.

. On this present appeal, the defendants acknowledge that, pursuant to Rule 35(c), Ala. R.App. P., they are not entitled to reimbursement for the cost of the second copy of the record.

. On this appeal, the defendants note that this amount should not be paid to them, but to the clerk of the trial court.

. In Blue Cross, this Court noted that Blue Cross had filed a motion for taxation of verified costs. There was no question about the timeliness of the motion; thus, the Court was clearly correct in holding, under the facts in Blue Cross, that the trial court had no discretion in awarding costs to Blue Cross.